UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ILENE RICHMAN, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

    vs.

GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,

        Defendants.

Civil Action No. 1:10-cv-3461 (PAC)

---

HOWARD SORKIN, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

    vs.

GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,

        Defendants.

Civil Action No. 1:10-cv-3493 (PAC)

---

TIKVA BOCHNER, On Behalf of Herself and All Others Similarly Situated,

        Plaintiffs,

    v.

GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,

        Defendants.

Civil Action No. 1:10-cv-3595 (PAC)

---

[Caption continued on following page]

**MEMORANDUM OF LAW IN SUPPORT OF TIKVA BOCHNER'S MOTION TO CONSOLIDATE, APPOINT TIKVA BOCHNER LEAD PLAINTIFF, AND APPROVE LEAD PLAINTIFF'S CHOICE OF COUNSEL**

DR. EHSAN AFSHANI, on behalf of himself
and all others similarly situated,

              Plaintiff,

              *-against-*

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR and
GARY D. COHN,

              Defendants.

Civil Action No. 1:10-cv-3616 (PAC)

---

LOUIS GOLD, Individually, and On Behalf
of All Others Similarly Situated,

              Plaintiff,

              v.

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR and
GARY D. COHN,

              Defendants.

Civil Action No. 1:10-cv-4786 (PAC)

---

THOMAS DRAFT, Individually and On
Behalf of All Others Similarly Situated,

              Plaintiffs,

              v.

GOLDMAN SACHS GROUP, INC., LLOYD
C. BLANKFEIN, DAVID A. VINIAR and
GARY D. COHN,

              Defendants.

Civil Action No. 1:10-cv-4812 (PAC)

HALMAN ALDUBI GROUP, Individually and On Behalf of All Others Similarly Situated,

          Plaintiff,

    vs.

GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,

          Defendants.

Civil Action No. 1:10-cv-4918(PAC)

Doc. 168027

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ........................................................................................... 2

PROCEDURAL BACKGROUND ............................................................................... 5

ARGUMENT ................................................................................................................ 6

I.      ALL RELATED CLASS ACTIONS SHOULD BE CONSOLIDATED PURSUANT TO
        FED. R. CIV. P. 42(A) ....................................................................................... 6

II.     BOCHNER SHOULD BE APPOINTED LEAD PLAINTIFF .......................... 8

A.      Bochner Has Filed A Complaint, Issued Notice, And Made A Timely Lead
        Plaintiff Motion ..................................................................................................... 8

B.      Bochner Constitutes The "Most Adequate Plaintiff" ........................................... 9

        1.      Bochner Has Filed A Complaint And Made A Motion ............................. 9

        2.      Bochner Has The "Largest Financial Interest" ..................................... 10

        3.      Bochner Satisfies Rule 23 ...................................................................... 11

                a.      Bochner Fulfills The Typicality Requirement ........................... 11

                b.      Bochner Fulfills The Adequacy Requirement ........................... 12

C.      A Separate Options Class Is Necessary To Protect The Interests Of Investors In Goldman
        Put And Call Option Contracts ............................................................................ 13

III.    THE COURT SHOULD APPROVE BOCHNER'S CHOICE OF COUNSEL ............... 14

CONCLUSION ........................................................................................................... 15

## TABLE OF AUTHORITIES

### Cases

*Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ........................................................................................................................ 7, 8

*Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, Nos. 06 Civ. 5797 (PAC), 06 Civ. 6194 (PAC), 2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007) ................... 9, 10, 11, 12

### Statutes

15 U.S.C. § 78j(b) ......................................................................................................................... 1

15 U.S.C. § 78p(a) ......................................................................................................................... 1

15 U.S.C. § 78u-4 ................................................................................................................ passim

15 U.S.C. § 78u-4(a)(3) ................................................................................................................. 2

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................................... 5, 8

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(ii) .................................................................................................. 7, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ....................................................................................... 11

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................... 14

17 C.F.R. § 240.10b-5 .................................................................................................................. 1

### Other Authorities

*Manual for Complex Litigation* (Fourth) § 20.11 at 218 (2004)..................................................... 7

*Statement of Managers* – The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H.R. Conf. Rpt. No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995) ..................................................................................................................... 14

### Rules

Fed. R. Civ. P. 23.............................................................................................................. 2, 11, 12

Fed. R. Civ. P. 23(a)(3)............................................................................................................... 11

Fed. R. Civ. P. 23(a)(4)............................................................................................................... 12

Fed. R. Civ. P. 42(a) ................................................................................................................ 7, 8

Tikva Bochner ("Bochner") respectfully submits this memorandum of law in support of her motion, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4, and Federal Rule of Civil Procedure 42(a) for an order: (a) consolidating the related class actions pending before this Court with Bochner's action; (b) appointing Bochner as Lead Plaintiff of a class of investors in Goldman put and call option contracts and Goldman common stock acquired pursuant to those option contracts; and (c) approving Bochner's selection of Wolf Popper LLP ("Wolf Popper") to serve as Lead Counsel.[1]

## PRELIMINARY STATEMENT

This pending class action concerns defendant Goldman Sachs Group, Inc. ("Goldman")'s role in the creation of a "synthetic" CDO based on mortgage securities, known as ABACUS 2007-AC1 ("Abacus"), and the defendants' failure to disclose a United States Securities and Exchange Commission ("SEC") formal notice of investigation and Wells Notice pertaining to Goldman's role in the Abacus CDO, in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) ("Section 10(b)"), Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"), and Section 20(a) of the Exchange Act, 15 U.S.C. § 78p(a) ("Section 20(a)"). Bochner's class action is brought on behalf of a class of persons who "(i) sold Goldman put options [during the Class period] that expired on April 16, 2010 or after, (ii) acquired Goldman common stock pursuant to the exercise of sold put options [during the Class period] and who held those shares as of April 16, 2010, (iii) purchased Goldman call options [during the Class period] that expired on April 16, 2010, or after, or (iv) acquired Goldman common stock

---

[1] The Certification of Tikva Bochner is annexed as Exhibit A to the Declaration of Marian P. Rosner, Esq. in Support of the Bochner's Motion to Consolidate, Appoint Tikva Bochner Lead Plaintiff and Approve Lead Plaintiff's Choice of Counsel ("Rosner Declaration" or "Rosner Decl."). As set forth in the schedule attached as Exhibit D to the Rosner Declaration, Bochner incurred a loss of $138,325.

pursuant to the exercise of purchased call options [purchased during the Class period] and who held those shares as of April 16, 2010, and suffered damages thereby" (the "Class")  (¶ 70.)[2]

In class actions filed under the foregoing provisions of the federal securities law, the PSLRA requires that the court appoint as Lead Plaintiff the member or members of the class that have satisfied certain procedural prerequisites and also constitute the "most adequate representative(s)" of the prospective class.  15 U.S.C. § 78u-4(a)(3).  As discussed below, Bochner amply satisfies all of the PSLRA's criteria for selection as Lead Plaintiff and the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, Bochner should be appointed Lead Plaintiff.  Bochner also respectfully requests that the Court approve her selection of Lead Counsel, Wolf Popper, in accordance with the PSLRA.  Wolf Popper has extensive experience in securities class action litigation and is well-qualified to represent the interests of all Class members.

In addition, Bochner moves this Court to consolidate this action with the other related actions pending in the Southern District of New York, which allege substantially similar claims arising out of substantially similar allegations as are made in her Complaint.

## STATEMENT OF FACTS

In early 2006, the hedge fund Paulson & Co Inc. ("Paulson") expected that the housing market would decline, and was shorting the performance of securities backed by subprime residential mortgage backed securities ("RMBS").  (¶ 14.)  One of the ways Paulson shorted RMBS was to purchase credit default swaps ("CDS"), which provided credit protection to the buyer of the CDS in the event that the RMBS referenced in the CDS agreement experienced negative credit events or defaults.  (*Id.*)  In early 2007, Paulson identified a group of RMBS it expected to experience negative credit events/defaults.  (¶ 15.)  Paulson asked Goldman to help

---

[2] Citations to "¶ ___" are to Bochner's Class Action Complaint, filed on April 30, 2010 (the "Complaint").

Paulson find counterparties that would sell Paulson CDS for the RMBS that Paulson had identified. (*Id.*)

When Goldman was unable to find Paulson its desired counterparties, it created Abacus, which held a portfolio of CDSs that were tied to the performance of the RMBS that Paulson had selected as likely to experience a negative credit event. (¶¶ 15-16.) Goldman acted as intermediary and underwriter of Abacus, and sold the "long" position side of Abacus to offset Paulson's short position. (¶ 16.) Goldman did not disclose Paulson's adverse economic interest to the investors in the long position of Abacus, or that Paulson had a role in selecting the RMBS that underlied Abacus. (¶¶ 16-17.) Rather, Goldman's marketing materials stated that the RMBS had been evaluated and selected by a third party with experience analyzing credit risk in RMBS, ACA Management LLC ("ACA"). (¶ 17.)

On April 26, 2007, the Abacus transaction closed and Goldman received approximately $15 million for structuring and marketing Abacus. (¶ 18.) By October 2007, 80% of the RMBS in the Abacus reference portfolio had been downgraded, a percentage that reached 99% by January 2008. (*Id.*) As a result, the long investors lost over $1 billion, and Paulson's short position in Abacus resulted in an approximate $1 billion profit. (*Id.*)

On or about August 29, 2008, the SEC began a formal investigation into the Abacus transaction (the "SEC Investigation"). (¶ 20.) During the SEC Investigation, the SEC deposed five Goldman Sachs employees and reviewed approximately 8 million pages of documents produced by Goldman. (*Id.*) Goldman did not disclose the SEC Investigation to its shareholders. (¶ 21.) In July 2009, the SEC Staff sent Goldman a Wells Notice notifying Goldman that the SEC Staff intended to recommend that the SEC bring a civil enforcement action against Goldman for Goldman's role in Abacus (the "Wells Notice"). (¶ 22.) On September 10, 2009,

Goldman responded to the Wells Notice with a Wells Submission addressing the Staff's allegations, defending the Company, and recommending that the SEC not approve the Staff's request to file a formal civil action (the "Wells Response").  (¶ 23.)  Goldman did not disclose the Wells Notice or Wells Response to its investors.  (¶ 24.)

Notwithstanding the undisclosed SEC Investigation, Wells Notice, and Wells Response, Goldman falsely and repeatedly emphasized to investors, in press releases and SEC filings, its purportedly hard-earned reputation as an investment bank that constantly put the needs of its clients first, and that its reputation was paramount to Goldman's success and ability to maintain its market share.  (¶¶ 25, 27-52.)  Nowhere in any of these comments did the defendants disclose that the SEC was investigating Goldman's role in the Abacus transaction, which directly impacted Goldman's hard-earned reputation.

On April 16, 2010, at approximately 10:36 a.m. ET, the SEC announced that it had filed securities fraud charges against Goldman and its employee, Fabrice Tourre, for making material misstatements and omissions in connection with Abacus.  (¶¶ 26, 53, 55.)  Prior to the SEC announcement, Goldman shares were trading at $184.27 (the closing price on April 15, 2010).  (*Id.*)  In response to this news, Goldman's common stock declined on April 16, 2010 over $20 from $184.27 to $160.70, or nearly 13%, on extremely heavy volume.  (¶¶ 26, 54.)  Goldman's securities call options and put options experienced similar price volatility.  For example, on April 16, 2010, Goldman April 17, 2010 call options with a $175 strike price closed at $0.01 per contract, down from $9.35 per contract on April 15, 2010.  (Rosner Decl. Ex. G.)  Goldman's common stock price continued to fall (and call and put contracts fell and rose, respectively) in the following days as more details about Abacus were released to the market.  (*Id.*)

## PROCEDURAL BACKGROUND

On April 26, 2010, two purported class action complaints, *Richman v. Goldman Sachs Group, Inc.*, No. 10-cv-3461 (S.D.N.Y.) (the "Richman Action") and *Sorkin v. Goldman Sachs Group, Inc.*, No. 10-cv-3493 (S.D.N.Y.) (the "Sorkin Action"), were filed by the same law firm on behalf of investors in Goldman common stock against Goldman, Lloyd C. Blankfein ("Blankfein"), David A. Viniar ("Viniar") and Gary D. Cohen ("Cohen," collectively with Blankfein and Viniar, the "Individual Defendants"). Both the Sorkin Action and Richman Action allege violations of Section 10(b), Rule 10b-5, and Section 20(a) due to the defendants' materially misleading misrepresentations regarding Goldman's purportedly well-earned reputation for probity, and defendants' material omissions concerning the SEC Investigation, Wells Notice, and Wells Response. Also on April 26, 2010, counsel for plaintiffs in the Richman Action and Sorkin Action filed a press release and a Notice of Opportunity to Serve as Lead Plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), which informed potential class members of the pendency of the Richman Action and Sorkin Action and their right to file a motion for appointment as Lead Plaintiff within 60 days of the publishing of the notice (the "Richman/Sorkin Notice"). A copy of the Richman/Sorkin Notice is annexed to the Rosner Declaration as Exhibit B. The sixty day time period to move for appointment as Lead Plaintiff expires on June 25, 2010.

On April 30, 2010, Bochner filed her Complaint on behalf of investors in Goldman call and put option contracts and investors who acquired Goldman common stock pursuant to those option contracts against Goldman and the Individual Defendants. Bochner's Complaint alleges violations of Section 10(b), Rule 10b-5, and Section 20(a) against Goldman and the Individual Defendants due to their materially misleading statements and omissions concerning the SEC Investigation, Wells Notice and Wells Response. On May 3, 2010, Bochner and Wolf Popper

issued a press release on PRNewswire, which announced the filing of the Complaint, and

informed potential Class members of the pendency of Bochner's class action and of their right to

file a motion for appointment as Lead Plaintiff no later than June 25, 2010, the expiration of the

60 day period after the Richman/Sorkin Notice (the "Notice").  A copy of the Notice is annexed

to the Rosner Declaration as Exhibit C.

Four further class action complaints were filed after Bochner's complaint against

Goldman and the Individual Defendants for violations of Section 10(b), Rule 10b-5, and Section

20(a):  *Afshani v. Goldman Sachs Group, Inc.*, No. 10-cv-3616 (S.D.N.Y.) (the "Afshani

Action") on May 3, 2010; *Gold v. Goldman Sachs Group Inc.*, No. 10 CV-4786 (S.D.N.Y.) (the

"Gold Action") on June 18, 2010; *Draft v. Goldman Sachs Group, Inc.*, No. 10-cv-4812 on June

21, 2010 (the "Draft Action"), and *Halman Aldubi Group v. Goldman Sachs, Inc.*, No. 10-cv-

4918 (the "Halman Action," collectively with the Richman Action, Sorkin Action, Afshani

Action, Gold Action and Draft Action, the "Other Actions") on June 24, 2010.  The Afshani

Action, Gold Action and Draft Action allege claims on behalf of investors in Goldman common

stock.  The Halman Action alleges claims on behalf of investors in Goldman notes and debt.

## ARGUMENT

I.    **ALL RELATED CLASS ACTIONS SHOULD BE CONSOLIDATED PURSUANT TO FED. R. CIV. P. 42(A)**

The PSLRA states that:

If more than one action on behalf of a class asserting substantially the same claim or claims arising under this subchapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(ii).  Consolidation of actions in federal courts is governed by Federal

Rule of Civil Procedure 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  Consolidation pursuant to Rule 42(a) is proper when actions involve

common questions of law and fact.  *Manual for Complex Litigation* (Fourth) § 20.11 at 218

(2004).  "When complaints in securities actions are based on the same public statements and

reports, consolidation is appropriate if there are common questions of law and fact and the

defendants will not be prejudiced."  *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S.

Dist. LEXIS 13898, at *7-8 (S.D.N.Y. July 15, 2004) (citations and internal quotations omitted).

Similarly, the PSLRA contemplates the consolidation of multiple actions "asserting substantially

the same claim or claims."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation of this action with the Other Actions is particularly appropriate.  Although

Bochner's Complaint and motion are made on behalf of a Class of investors in Goldman put and

call option contracts and investors who acquired Goldman common stock pursuant to those

option contracts, Bochner's Complaint and the complaints in the Other Actions all concern the

same conduct by the same defendants:  their improper role in creating and selling the Abacus

investments, and in the defendants' failure to disclose the SEC Investigation, Wells Notice, and

Wells Response.  Bochner's action and the Other Actions all allege the same claims for relief,

violations of Section 10(b), Rule 10b-5, and Section 20(a), against the same four defendants.  All

the actions allege that defendants' wrongdoing occurred over roughly the same period of time.

Bochner's action and the Other Actions assert substantially the same claims and concern

common questions of law and fact.  Consolidation will serve to avoid duplicative discovery,

motion practice and other proceedings that will result if the Actions are not consolidated, and hence the defendants will not be prejudiced by consolidation. Therefore, Bochner's action and the Other Actions should be consolidated pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(ii) and Federal Rule of Civil Procedure 42(a).

## II.    BOCHNER SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    <u>Bochner Has Filed A Complaint, Issued Notice, And Made A Timely Lead Plaintiff Motion</u>

The PSLRA sets forth certain procedural requirements that a person or group of persons seeking to serve as Lead Plaintiff must meet. The PSLRA states:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). Bochner has satisfied these procedural requirements. Bochner filed her Complaint on April 30, 2010, and three days later issued the Notice on PRNewswire. PRNewswire is a national wire service and publication on PRNewswire complies with the requirements of the PSLRA. *Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *14n.7 ("PR Wire has been accepted as a proper publication.") The Notice informed the potential Class members of "the pendency of [Bochner's] action, the claims asserted therein, and the purported class period," as required by the PSLRA. (Rosner Decl., Ex. C.) Bochner has also filed this motion within 60 days from the issuance of the Richman/Sorkin Notice.

**B.**     **Bochner Constitutes The "Most Adequate Plaintiff"**

The PSLRA also sets forth the procedure for moving for appointment as Lead Plaintiff, and the requirements a Court must evaluate when making its determination.   The PSLRA provides

> Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [subchapter] is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As this court has stated, the PSLRA

> creates the rebuttable presumption that the most adequate plaintiff is one who has (1) filed a complaint or made a motion in response to a notice, (2) in the determination of the court, has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies Rule 23 requirements with respect to adequacy and typicality.

*Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, Nos. 06 Civ. 5797 (PAC), 06 Civ. 6194 (PAC), 2007 U.S. Dist. LEXIS 97959, at *4 (S.D.N.Y. Feb. 21, 2007) (Crotty, J).   Under the PSRLA, such persons are referred to as the "most adequate plaintiff."   15 U.S.C. § 78u-4(a)(3)(B)(i).

To Bochner's knowledge, as of the date of the filing of this motion, no other plaintiff has filed a complaint or a lead plaintiff motion seeking to represent a Class of investors in Goldman put and call option contracts and investors who acquired Goldman common stock pursuant to those option contracts.  In addition, Bochner meets all the requirements of the PSLRA and is the most adequate plaintiff to represent this Class.

*1.*     *Bochner Has Filed A Complaint And Made A Motion*

As described above, Bochner has fulfilled the first prong of the most adequate plaintiff test.  Bochner filed a Complaint, and made a timely motion to serve as Lead Plaintiff.  Bochner's

Certification attached to the Complaint (as annexed as Exhibit A to the Rosner Declaration)

attests to her willingness to serve as a representative on behalf of the Class.

### 2. Bochner Has The "Largest Financial Interest"

The second prong of the most adequate plaintiff test requires the proposed Lead Plaintiff

to have the "largest financial interest" in the relief sought by the Class.

> As to determining which [plaintiff] has the greatest financial interest, the PSLRA does not explain how that interest should be calculated. Courts have considered four factors ("Lax Test") when evaluating this requirement:  (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period.

SafeNet, 2007 U.S. Dist. LEXIS 97959, at *5 (citation omitted).

As described on Exhibit D to the Rosner Declaration, Bochner sold 50 November 2009

Goldman put option contracts with a strike price of $175 for a total of $8,175.  Bochner acquired

her 5,000 shares of Goldman common stock pursuant to those put option contracts for a total

price of $875,000.  Bochner also purchased 100 April 17, 2010 Goldman call option contracts

with a strike price of $175 for a total of $36,500. [3]  Bochner expended a total of $903,325 net

funds during the Class period on these Goldman put option contracts, Goldman common stock

and Goldman call option contracts.  Bochner's total approximate loss during the Class period is

$138,325.

To Bochner's knowledge, as of the date of filing this motion, Bochner is the only plaintiff

to have filed a complaint or lead plaintiff motion seeking to represent Goldman options

investors.  The other purported class action complaints filed against Goldman assert claims on

---

[3] In addition to these 100 call and 50 put option contracts, Bochner also made other Goldman options transactions, as described in her April 30, 2010 Certification attached to her Complaint.  Bochner does not claim a loss (or gain) on those other option investments attributable to the defendants' wrongful conduct and violations of Section 10(b), Rule 10b-5 and Section 20(a) because Bochner sold these positions before the SEC Investigation, Wells Notice and Wells Response were disclosed by the SEC, and hence any loss Bochner suffered (or gain realized) on those investments was not caused by defendants' wrongful conduct.

behalf of Goldman common stock investors, or Goldman bond/note investors.  Hence, Bochner

has the largest financial interest on behalf of the proposed Class.

   *3.    Bochner Satisfies Rule 23*

   The PSLRA also requires that the proposed Lead Plaintiff "otherwise satisfy the

requirements of Rule 23 of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "At this

stage in the litigation, [the proposed Lead Plaintiff] need only make a 'preliminary showing' that

Rule 23's typicality and adequacy requirements have been satisfied."  *SafeNet*, 2007 U.S. Dist.

LEXIS 97959, at *7 (citation omitted).  Bochner satisfies both the typicality and adequacy

prongs of Rule 23, and thus should be appointed Lead Plaintiff.

   a.    <u>Bochner Fulfills The Typicality Requirement</u>

   Federal Rule of Civil Procedure 23(a)(3)'s typicality requirement is satisfied "when the

claims of the proposed lead plaintiff arise from the same conduct from which the other class

members' claims and injuries arise.  The claims of the proposed lead plaintiff need not be

identical to the claims alleged by other class members."  *SafeNet*, 2007 U.S. Dist. LEXIS 97959,

at *8 (citations and quotations omitted).

   Bochner seeks to represent a Class of persons who "(i) sold Goldman put options that

expired on April 16, 2010 or after, (ii) acquired Goldman common stock pursuant to the exercise

of sold put options and who held those shares as of April 16, 2010, (iii) purchased Goldman call

options that expired on April 16, 2010, or after, or (iv) acquired Goldman common stock

pursuant to the exercise of purchased call options and who held those shares as of April 16,

2010, and suffered damages thereby."  (¶ 70.)  Bochner sold and purchased Goldman call

options, put options, and common shares as described in the proposed Class definition.  Bochner

was damaged by the defendants' wrongful conduct and violations of Section 10(b), Rule 10b-5

and Section 20(a), just as the other members of the Class.  Bochner's claims arise from the same course of conduct as the claims of the other Class members, and Bochner's claims are based on the same legal theories.  Bochner must prove the same facts, and rely upon the same legal standards, as the Class in order to recover.  To further her own interests, Bochner will necessarily have to advance the interests of all Class members.  Bochner's claims are therefore typical of the claims of the Class.

        b.      <u>Bochner Fulfills The Adequacy Requirement</u>

Federal Rule of Civil Procedure 23(a)(4)'s adequacy requirement is satisfied if

> (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy.

*SafeNet*, 2007 U.S. Dist. LEXIS 97959, at *9 (citation omitted).  Bochner meets all of the requirements of Rule 23(a)(4).

Bochner's choice of counsel, Wolf Popper, has substantial experience and has been highly successful in prosecuting securities fraud class action litigations, as outlined in its firm resume annexed as Exhibit E to the Rosner Declaration.  The interests of the Class members are aligned with each other, as well as with Bochner, and those interests are not antagonistic to one another.  Bochner and the Class members have the same interest:  ensuring the maximum possible recovery from the defendants for investors in Goldman call and put option contracts and investors who acquired Goldman common stock pursuant to those investments.  Bochner has also already demonstrated her "sufficient interest in the outcome" of this action to "ensure vigorous advocacy":  Bochner retained class counsel that is experienced in complex securities class litigation; Bochner filed her Complaint against the defendants ten days after disclosure of the securities fraud; Bochner and her counsel issued the Notice informing potential Class

members of the pendency of her action and the claims therein; and Bochner signed a Certification, attached to her Complaint, attesting to her willingness to assume the responsibilities of Class representative.  In addition, and as further proof of Bochner's and her counsel's adequacy as a Lead Plaintiff, Class representative and Lead Counsel, Bochner and her counsel have already filed a Freedom of Information Act ("FOIA") request with the SEC to obtain all documents the SEC received from Goldman during the SEC Investigation.  A copy of the FOIA request and the SEC's response thereto is annexed to the Rosner Declaration as Exhibit F.  The SEC denied Bochner's FOIA request because the SEC Investigation is still ongoing. (Rosner Decl. Ex. F.)

**C.**     **A Separate Options Class Is Necessary To Protect The Interests Of Investors In Goldman Put And Call Option Contracts**

A separate Class of investors in Goldman call and put option contracts, and investors who acquired Goldman common stock pursuant to those options, is necessary to protect the interests of Goldman options investors.   A Lead Plaintiff who purchased only Goldman common stock does not have standing to assert claims on behalf of purchasers of Goldman option contracts, or acquirers of Goldman common stock pursuant to those option contracts.  Issues of loss causation and damages are not the same between common stock and options traders, and common stock traders do not have the requisite financial interest in the options case to ensure adequate representation.  Further, conflicts of interest are likely to arise between investors in Goldman put and call option contracts and common stock investors during the prosecution of the action, settlement negotiations and the creation of any plan of allocation.  A lead plaintiff with the largest financial interest in open market common stock purchases is unlikely to litigate or negotiate hard on behalf of options traders – in which it has no financial interest.

The PSLRA presumption is that the investor with the largest financial interest in the relief sought in the action will most adequately represent the Class. Here, Bochner has the largest financial interest in the relief sought by option traders and she – rather than a common stock investor – is the most adequate representative of that options Class.

The Class claims that Bochner brings through her Complaint are significant. For example, according to Bloomberg, the average number of Goldman April 17, 2010 $175 call option contracts traded in the ten days prior to April 16, 2010 (the day the SEC filed its suit against Goldman) was approximately 625,700. (Rosner Decl. Ex. G.) On April 15, 2010, those Goldman April 17, 2010 $175 call option contracts were priced at $9.35 per contract. (*Id.*) On April 16, 2010, the price of the Goldman April 17, 2010 $175 call option contracts decreased to $0.01 per share. (*Id.*) The cumulative price decrease of the average approximate 625,700 Goldman April 17, 2010 $175 call option contracts on April 16, 2010 amounts to approximately $5.8 million. (*Id.*) This represents merely a portion of the total damages suffered by the Class, and does not include damages resulting from any other call or put option contracts purchased for varying expiration dates and strike prices, or resulting from any Goldman common shares acquired pursuant to those options contacts.

## III.    THE COURT SHOULD APPROVE BOCHNER'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." *See Statement of Managers* – The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H.R. Conf. Rpt. No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995).

Bochner has selected Wolf Popper to serve as Lead Counsel.  As discussed above, Wolf Popper is experienced in complex securities class action litigation and will aggressively prosecute this action.  Thus, the Court may be assured that by granting this motion, the members of the Class will receive the highest caliber legal representation available.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Bochner respectfully requests that the Court consolidate all related class actions pending before this court, and that her motion for appointment as Lead Plaintiff should be granted and the counsel she has selected and retained should be approved as Lead Counsel for all Class members in connection with these proceedings.

Dated: June 25, 2010
      New York, New York

                              Respectfully submitted,

                              **WOLF POPPER LLP**

                    By:    <u>/s/ Marian P. Rosner</u>
                         MARIAN P. ROSNER
                         ROBERT C. FINKEL
                         JOSHUA W. RUTHIZER
                         ROBERT PLOSKY
                         845 Third Avenue
                         New York, NY 10022
                         Tel.:   (212) 759-4600
                         Fax:   (212) 486-2093
                         mrosner@wolfpopper.com
                         rfinkel@wolfpopper.com
                         jruthizer@wolfpopper.com
                         rplosky@wolfpopper.com