UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILENE RICHMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>                Defendants. | Civil Action No. 1:10-cv-3461 (PAC) |
| HOWARD SORKIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>                Defendants. | Civil Action No. 1:10-cv-3493 (PAC) |

[Caption continued on following page]

**PLAINTIFF TIKVA BOCHNER'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION TO CONSOLIDATE, FOR APPOINTMENT AS LEAD PLAINTIFF, AND TO APPROVE HER SELECTION OF COUNSEL, AND IN RESPONSE TO THE PENSION FUNDS', INSTITUTIONAL INVESTOR GROUP'S, AND PABOLO ELIZONDO'S MOTIONS FOR CONSOLIDATION, APPOINTMENT AS LEAD <u>PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| TIKVA BOCHNER, On Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>    Defendants. | Civil Action No. 1:10-cv-3595 (PAC) |
| DR. EHSAN AFSHANI, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    *-against-*<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>    Defendants. | Civil Action No. 1:10-cv-3616 (PAC) |
| LOUIS GOLD, Individually, and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>    Defendants. | Civil Action No. 1:10-cv-4786 (PAC) |

Doc. 168193

| | |
|---|---|
| THOMAS DRAFT, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>    Defendants. | Civil Action No. 1:10-cv-4812 (PAC) |
| HALMAN ALDUBI GROUP, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>    Defendants. | Civil Action No. 1:10-cv-4918(PAC) |

Doc. 168193

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PROCEDURAL BACKGROUND AND STATEMENT OF FACTS........................................... 1

ARGUMENT..................................................................................................................... 4

I.       The Motions for Consolidation................................................................................. 4

A.      The Institutional Investors' Motion to Consolidate ............................................. 4

B.      The Pension Funds' and Elizondo's Motions to Consolidate ............................. 5

II.      The Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel .............. 5

A.      Elizondo's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel Should be Denied ................................................................................................ 5

B.      The Institutional Investors' and the Pension Funds' Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel Should be Denied to the Extent They Seek to Represent the Options Investors Class .................................................................... 7

        1.      The Institutional Investors' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel .................................................................... 7

        2.      The Pension Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ................................................................................... 8

C.      Bochner's Motion for Appointment as Lead Plaintiff and for Approval of Wolf Popper as Lead Counsel Should be Granted .................................................................... 10

CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Ferrari v. Impath, Inc.*,
   No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) .................. 4

*New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*,
   No. 08 Civ. 5653 (PAC), 2010 U.S. Dist. LEXIS 47512 (S.D.N.Y. Mar. 29, 2010) ................. 7

*Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*,
   Nos. 06 Civ. 5797 (PAC), 06 Civ. 6194 (PAC), 2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007) ................................................................................................................................ 5

**Statutes**

15 U.S.C. § 78j(b) ........................................................................................................................ 1

15 U.S.C. § 78p(a) ....................................................................................................................... 1

15 U.S.C. § 78u-4 ................................................................................................................. passim

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ......................................................................................... 5, 12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................. 7, 8, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) ........................................................................................ 6

15 U.S.C. § 78u-4(a)(e)(B)(ii) ..................................................................................................... 4

17 C.F.R. § 240.10b-5 .................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 42(a) .................................................................................................................... 4

Plaintiff Tikva Bochner ("Bochner") respectfully submits this memorandum of law in further support of her Motion to Consolidate, Appoint Tikva Bochner Lead Plaintiff, and Approve Lead Plaintiff's Selection of Lead Counsel ("Bochner's Motion") and in response to (a) movant the Pension Funds' (the "Pension Funds") Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel (the "Pension Funds' Motion"); (b) movant the Institutional Investor Group's (the "Institutional Investors") Motion for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Plaintiff's Choice of Co-Lead Counsel (the "Institutional Investors' Motion"); and (c) movant Pablo Elizondo's ("Elizondo") motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of his Selection of Lead Counsel and Liaison Counsel ("Elizondo's Motion").

## PROCEDURAL BACKGROUND AND STATEMENT OF FACTS

On April 30, 2010, Bochner filed her class action complaint, including a Private Securities Litigation Reform Act ("PSLRA") certification attesting to her willingness to represent the class of investors described in the complaint, against Goldman Sachs Group, Inc. ("Goldman"), Lloyd C. Blankfein ("Blankfein"), David A. Viniar ("Viniar") and Gary D. Cohn ("Cohn," collectively with Blankfein and Viniar, the "Individual Defendants"). Her complaint alleges violations of Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and Section 20(a) of the Exchange Act or 1934, 15 U.S.C. § 78p(a) arising out of Goldman's role in the creation of a "synthetic" CDO based on mortgage securities, known as ABACUS 2007-AC1 ("Abacus"), the defendants' failure to disclose a United States Securities and Exchange Commission ("SEC") formal notice of investigation and Wells Notice pertaining to Goldman's role in the Abacus CDO, and the defendants' materially misleading misrepresentations regarding Goldman's purportedly well-

earned reputation for probity. Bochner's class action is brought on behalf of a class of persons who (i) sold Goldman put options between August 5, 2009 and April 16, 2010 (the "Class Period") that expired on April 16, 2010 or after, (ii) acquired Goldman common stock pursuant to the exercise of sold put options during the Class period and who held those shares as of April 16, 2010, (iii) purchased Goldman call options during the Class period that expired on April 16, 2010, or after, or (iv) acquired Goldman common stock pursuant to the exercise of purchased call options purchased during the Class period and who held those shares as of April 16, 2010, and suffered damages thereby (the "Options Investors Class").

On June 25, 2010, Bochner filed her motion to consolidate the related actions pending in this Court against Goldman and the Individual Defendants, to be appointed Lead Plaintiff on behalf of the Options Investors Class, and for approval of Bochner's selection of Wolf Popper LLP ("Wolf Popper") as Lead Counsel. Bochner was the only investor in Goldman put and call option contracts that brought a claim against Goldman and the only such investor that moved for consolidation, appointment as Lead Plaintiff and approval of Lead Counsel.

Also on June 25, 2010, the Pension Funds, the Institutional Investors and Elizondo filed motions to consolidate, for appointment as Lead Plaintiff, and for approval of their selection of counsel as Lead Counsel. The Institutional Investors moved to consolidate only those actions brought by and on behalf of investors in Goldman common shares, and hence moved for appointment as Lead Plaintiff to represent only investors in Goldman common shares. (Memorandum of Law in Support of the Institutional Investors' Motion, dated June 25, 2010, p. 13.) The Institutional Investors' PSLRA certification did not disclose any investment in Goldman put or call option contracts during the relevant class periods. (Declaration of Gerald H. Silk in Support of the Institutional Investors' Motion, dated June 25, 2010, Exs. A, B.) The

Pension Funds and Elizondo moved to consolidate Bochner's action with the actions brought by and on behalf of investors in Goldman common shares, and therefore sought to be appointed Lead Plaintiff to represent investors in Goldman common shares and the Options Investors Class. (Memorandum of Law in Support of the Pension Fund's Motion, dated June 25, 2010, p. 1; Memorandum of Law in Support of Elizondo's Motion, dated June 25, 2010, p. 3.)  The Pension Funds and Elizondo's PSLRA certifications also did not disclose any investment in Goldman put or call option contracts.  (Declaration of Stefanie J. Sundel in Support of the Pension Funds' Motion, dated June 25, 2010, Exs. B, C; Declaration of Deborah R. Gross in Support of Elizondo's Motion, dated June 24, 2010 ("Gross Decl."), Exs. B, C.)

On July 6, 2010, Bochner's counsel wrote separately to counsel for the Institutional Investors and the Pension Funds, the two Lead Plaintiff movants who appeared to have the largest claimed losses attributable to investments in Goldman common stock.  (Rosner Decl.[1] Exs. A, B.)  The letters stated that:

> Any lead plaintiff that does not commit to prosecute the claims brought by Ms. Bochner on behalf of the option traders, and does not designate Ms. Bochner as the class representative on behalf of those option trades, will not fairly and adequately protect the interests of all members of the class.

(*Id.*)  The letters asked that counsel confirm in writing on or before 5:00 pm on July 7, 2010 that they would "commit to prosecuting the claims brought by Ms. Bochner, to designate Ms. Bochner as the class representative on behalf of those claims, and to designate Wolf Popper LLP

---

[1] Declaration of Marian P. Rosner in Support of Plaintiff Tikva Bochner's Memorandum of Law in Further Support of Her Motion to Consolidate, For Appointment as Lead Plaintiff, and to Approve her Selection of Counsel, and in Response to the Pension Funds', the Institutional Investor Group's and Pablo Elizondo's Motions for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel, dated July 9, 2010 and filed concurrently with this Memorandum of Law.

as counsel to Ms. Bochner and the options class." (*Id.*)  Neither counsel responded.  (Rosner Decl. ¶¶ 4, 6.)

## ARGUMENT

**I.     THE MOTIONS FOR CONSOLIDATION**

"When complaints in securities actions are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *7-8 (S.D.N.Y. July 15, 2004) (citations and internal quotations omitted).  Federal Rule of Civil Procedure 42(a) governs consolidation of actions in federal courts, and provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  Further, the PSLRA contemplates consolidation of "more than one action on behalf of a class asserting substantially the same claim or claims."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

**A.     The Institutional Investors' Motion to Consolidate**

Bochner opposes the Institutional Investors' motion for consolidation because it seeks to exclude the claims of the Options Investors Class in any consolidated action.  The Institutional Investors has moved to consolidate only the cases brought by and on behalf of Goldman common stock investors.  Bochner's action must be consolidated with the common stock actions because it involves common questions of law and fact, and asserts substantially the same claims.  Fed. R. Civ. P. 42(a); 15 U.S.C. § 78u-4(a)(e)(B)(ii).

B.   **The Pension Funds' and Elizondo's Motions to Consolidate**

Bochner does not oppose the Pension Funds' or Elizondo's motion to consolidate.

II.  **THE MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

The PSLRA "creates the rebuttable presumption that the most adequate plaintiff is one who has (1) filed a complaint or made a motion in response to a notice, (2) in the determination of the court, has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies Rule 23 requirements with respect to adequacy and typicality." *Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, Nos. 06 Civ. 5797 (PAC), 06 Civ. 6194 (PAC), 2007 U.S. Dist. LEXIS 97959, at *4 (S.D.N.Y. Feb. 21, 2007) (Crotty, J); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)[2]. The presumption in favor of the most adequate plaintiff

> may only rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*SafeNet*, 2007 U.S. Dist. LEXIS 97959, at *7-*8 (citation and quotation omitted); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

A.   **Elizondo's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel Should be Denied**

Elizondo's motion for appointment as Lead Plaintiff and for approval of his selection of Lead Counsel must be denied because Elizondo's claims are clearly atypical of the claims of any

---

[2] "Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [subchapter] is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

class and Elizondo "is subject to unique defenses such that [he is] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).

First, Elizondo's PSLRA certification indicates that he purchased Goldman common shares on April 16, 2010, the day the SEC filed its suit against Goldman concerning Abacus. Goldman common stock closed at $184.27 per share on April 15, 2010, and opened at $183.62 on April 16, 2010. (Rosner Decl. Ex. C.) Elizondo purchased his shares at $163.4475 per share on April 16, 2010. (*See* Gross Decl., Exs. B, C.) Elizondo clearly purchased his shares after the SEC suit was filed and the SEC Investigation and Wells Notice were disclosed. Because Elizondo purchased his shares in Goldman after these disclosures, he is atypical and subject to unique defenses on the issues of loss causation and reliance that render him inadequate to represent a class of Goldman investors.[3]

Second, Elizondo did not purchase Goldman put or call option contracts. Elizondo has moved to consolidate Bochner's action with the pending Goldman common stock actions, but, for the reasons stated below concerning the Pension Funds and Institutional Investors Motions, Elizondo cannot be appointed Lead Plaintiff on behalf of the Options Investors Class.

For the same reasons, Elizondo's counsel cannot be appointed Lead Counsel and his motion for approval of his selection of counsel should be denied.

---

[3] On July 9, 2010, Elizondo filed his Response to the Motions for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel. In his response, Elizondo recognized that he did not have the largest financial loss and supported the Pension Funds' Motion. Because Elizondo did not withdraw his motion, Bochner's opposition to Elizondo's Motion is not moot.

B.  **The Institutional Investors' and the Pension Funds' Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel Should be Denied to the Extent They Seek to Represent the Options Investors Class**

Bochner takes no position, between the Institutional Investors and the Pension Funds, on who has the largest loss, who is the presumptive most adequate plaintiff, who should be appointed Lead Plaintiff on behalf of investors in Goldman common stock, and whose counsel should be appointed Lead Counsel, as those determinations affect the Lead Plaintiff and Lead Counsel for a class of investors in Goldman common stock. However, any motion by either the Institutional Investors or the Pension Funds to be appointed Lead Plaintiff on behalf of the Options Investors Class must be denied because they "will not fairly and adequately protect the interests of" the Options Investors Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Rather, Bochner should be appointed Lead Plaintiff on behalf of those investors.

1.  *The Institutional Investors' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel*

To the extent the Institutional Investors Motion seeks appointment as Lead Plaintiff on behalf of the Options Investors Class, it must be denied because the Institutional Investors will not fairly and adequately protect the interests of the Options Investors Class. The Institutional Investors did not invest in Goldman put and call option contracts, and did not acquire their Goldman common stock pursuant to Goldman put and call option contracts. Therefore, they have no standing to assert the claims of Bochner or the Options Investors Class. *See, e.g., New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, No. 08 Civ. 5653 (PAC), 2010 U.S. Dist. LEXIS 47512, at *10 (S.D.N.Y. Mar. 29, 2010) (Crotty, J.) ("In the class action context, a plaintiff who represents a class must allege a personal injury." (internal citations omitted).) Further, because the Institutional Investors did not invest in Goldman put and call option contracts, they have no loss attributable to those investments, and therefore lack any

financial incentive to litigate and negotiate on behalf of the Options Investors Class during the pendency of this litigation and any settlement negotiations.  The Institutional Investors did not move to consolidate Bochner's action with the actions brought on behalf of Goldman common stock investors, and would not commit in writing to assert and prosecute the claims of the Options Investors Class.

Bochner, rather than acting as an independent Lead Plaintiff, is amenable to being a co-Lead Plaintiff in a lead plaintiff structure that would include both common stockholders and option traders.  Toward that end, Bochner's counsel wrote to counsel for the Institutional Investors and the Pension Fund, the two other lead plaintiff movants who appeared to have the largest loss attributable to investments in Goldman common stock, and solicited their commitment to prosecute the claims of the Options Investors Class.  (Rosner Decl. Exs. A, B.) Their silence in response (*Id., ¶¶* 4, 6) suggests that the Institutional Investors do not intend to prosecute the claims of the Options Investors Class, and will not fairly and adequately protect the interests of the Options Investors Class.  Therefore the Institutional Investors should not be appointed Lead Plaintiff on behalf of the Options Investors Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Rather, their status should be relegated to the common stock claims alone.

For the same reasons, the Institutional Investors' counsel cannot be appointed Lead Counsel on behalf of the Options Investors Class, and the Institutional Investors Motion should be denied to the extent it seeks appointment of the Institutional Investor's counsel as Lead Counsel on behalf of the Options Investors Class.

> 2. *The Pension Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel*

The Pension Funds Motion differs from the Institutional Investors Motion in that the Pension Funds have moved to consolidate Bochner's action with the actions brought by and on

behalf of investors in Goldman common stock.  However, for all the other reasons stated above pertaining to the Institutional Investors Group (lack of an investment in Goldman put and call option contracts, lack of standing, lack of financial incentive to prosecute the claims of the Options Investors Class, failure to respond to Bochner's letter requesting a commitment to prosecute the claims of the Options Investors Class, etc.), to the extent the Pension Funds' Motion seeks appointment as Lead Plaintiff on behalf of the Options Investors Class, it must be denied because the Pension Funds will not fairly and adequately protect the interests of the Options Investors Class.

The fact that the Pension Funds have moved to consolidate Bochner's action with the Goldman common stock actions does not support appointing the Pension Funds Lead Plaintiff on behalf of the Options Investors Class.  Besides their lack of standing, during the litigation of the consolidated action and any settlement negotiations or creation of a plan of allocation, conflicts of interest are likely to arise between Goldman common stock investors and the Options Investors Class.  For example, the issues of loss causation and damages are different for Goldman common stock investors and the Options Investors Class.  The Pension Funds' silence in response to Bochner's letter dated July 6, 2010 (Rosner Decl., Ex. A, ¶ 4), suggests that they too do not intend to vigorously prosecute the options claims with Bochner as a co-Lead Plaintiff and accordingly will not fairly and adequately protect the interests of the Options Investors Class and should not be appointed Lead Plaintiff on behalf of the Options Investors Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

For the same reasons, the Pension Funds' counsel cannot be appointed Lead Counsel on behalf of the Options Investors Class, and the Pension Funds' Motion should be denied to the

extent it seeks appointment of the Pension Funds' counsel as Lead Counsel on behalf of the Options Investors Class.

C. **Bochner's Motion for Appointment as Lead Plaintiff and for Approval of Wolf Popper as Lead Counsel Should be Granted**

As opposed to the Institutional Investors, the Pension Funds and Elizondo, Bochner purchased and sold Goldman put and call option contracts, and acquired Goldman common stock pursuant to those option contracts, and suffered a loss attributable to those investments. Bochner also filed a class action complaint on behalf of the Options Investors Class, with a PSLRA certification attesting to her willingness to represent the Options Investors Class, against Goldman and the Individual Defendants two weeks after the SEC filed suit against Goldman and the SEC Investigation and Wells Notice were disclosed.

Bochner is a member of the Options Investors Class and meets the requirements of the PSLRA and Federal Rule of Civil Procedure 23. (*See* Memorandum of Law in Support of Bochner's Motion, dated June 25, 2010, pp. 8-15.) Bochner was the only member of the Options Investor Class to file a complaint against the defendants and move for Lead Plaintiff and approval of Lead Counsel. Bochner therefore has the largest loss of any member of the Options Investors Class to move for appointment as Lead Plaintiff. As a member of the Options Investors Class, Bochner and her claims are typical of the members and claims of the Options Investors Class. (*Id.*, pp. 11-12.) Bochner's interests are aligned with the members of the Options Investors Class, Bochner has a sufficient loss and interest in the outcome of the litigation to ensure vigorous advocacy, and Bochner's selection of counsel, Wolf Popper, is experienced in complex securities class action litigation. (*Id.*, pp. 12-13, 14-15.) Bochner and her counsel filed a Freedom of Information Act request with the SEC to obtain all documents the SEC received from Goldman during the SEC's investigation. (Declaration of Marian P. Rosner in Support of

Bochner's Motion, dated June 25, 2010, Ex. F.)   Therefore, Bochner should be appointed Lead Plaintiff to represent a class of the Options Investors Class in any consolidated action, and Wolf Popper should be approved as Bochner's selection of Lead Counsel to represent Bochner and the Options Investors Class.

**CONCLUSION**

Neither the Pension Funds, the Institutional Investors nor Elizondo have standing to assert claims on behalf of the Options Investors Class, and none of them have demonstrated their willingness, commitment or adequacy to prosecute the claims of Bochner and the Options Investors Class.  Further, Elizondo "is subject to unique defenses that render [him] incapable of adequately representing" a class of Goldman investors, and the Pension Funds' and the Institutional Investors' actions evidence that they "will not fairly and adequately protect the interests of" the Options Investors Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Therefore, Bochner respectfully requests that she be appointed Lead Plaintiff on behalf of the Options Investors Class, and that Wolf Popper be approved as Bochner's selection of Lead Counsel to represent Bochner and the Options Investors Class.


Dated: July 9, 2010
        New York, New York

                                        Respectfully submitted,

                                        **WOLF POPPER LLP**

                                    By:    /s/ Marian P. Rosner
                                        MARIAN P. ROSNER
                                        ROBERT C. FINKEL
                                        JOSHUA W. RUTHIZER
                                        ROBERT PLOSKY
                                        845 Third Avenue
                                        New York, NY 10022
                                        Tel.:   (212) 759-4600
                                        Fax:   (212) 486-2093
                                        mrosner@wolfpopper.com
                                        rfinkel@wolfpopper.com
                                        jruthizer@wolfpopper.com
                                        rplosky@wolfpopper.com