UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILENE RICHMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>    Defendants. | Civil Action No. 1:10-cv-3461 (PAC) |
| HOWARD SORKIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>    Defendants. | Civil Action No. 1:10-cv-3493 (PAC) |
| TIKVA BOCHNER, On Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br> v.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>    Defendants. | **Civil Action No. 1:10-cv-3595 (PAC)** |

[Caption continued on following page]

**PLAINTIFF TIKVA BOCHNER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION TO CONSOLIDATE, FOR APPOINTMENT AS LEAD PLAINTIFF, AND TO APPROVE HER SELECTION OF COUNSEL**

| | |
|---|---|
| DR. EHSAN AFSHANI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        *-against-*<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>        Defendants. | Civil Action No. 1:10-cv-3616 (PAC) |
| LOUIS GOLD, Individually, and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>        Defendants. | Civil Action No. 1:10-cv-4786 (PAC) |
| THOMAS DRAFT, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>        Defendants. | Civil Action No. 1:10-cv-4812 (PAC) |

| | |
|---|---|
| HALMAN ALDUBI GROUP, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>   vs.<br><br>GOLDMAN SACHS GROUP, INC., LLOYD C. BLANKFEIN, DAVID A. VINIAR and GARY D. COHN,<br><br>                      Defendants. | Civil Action No. 1:10-cv-4918(PAC) |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................................... 1

ARGUMENT ........................................................................................................................................ 2

    I.     The Two Prospective Lead Plaintiffs Are Not Adequate To Prosecute The Options Claims ......................................................................................................................... 2

    II.    Bochner Should Be Appointed Lead Plaintiff, Or In Any Event, Named Plaintiff, On Behalf Of The Options Investors ........................................................................... 3

    III.   The Pension Funds Mischaracterize The Letters .................................................. 6

CONCLUSION .................................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

*Fishbury, Ltd. v. Connetics Corp.*,
   Nos. 06 Civ. 11496 (SWK), 06 Civ. 12875 (SWK),
   2006 U.S. Dist. LEXIS 90696 (S.D.N.Y. Dec. 14, 2006) .......................................................... 4

*Freudenberg v. E*Trade Fin. Corp.*,
   No. 07 Civ. 8538,
   2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008) ........................................................... 3

*In re Salomon Analyst Level 3 Litig.*,
   350 F. Supp. 2d 477 (S.D.N.Y. 2004) ....................................................................................... 5

*N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*,
   No. 08 Civ. 5653 (PAC),
   2010 U.S. Dist. LEXIS 47512 (S.D.N.Y. Mar. 29, 2010) .......................................................... 4

*Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*,
   Nos. 06 Civ. 5797 (PAC), 06 Civ. 6194 (PAC),
   2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007) ........................................................... 1

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................................... 1

Plaintiff Tikva Bochner ("Bochner") respectfully submits this reply memorandum of law in further support of her Motion to Consolidate, Appoint Tikva Bochner Lead Plaintiff, and Approve Lead Plaintiff's Selection of Lead Counsel ("Bochner's Motion").

## PRELIMINARY STATEMENT

The presumption in favor of the most adequate plaintiff may be rebutted:

> only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, Nos. 06 Civ. 5797 (PAC), 06 Civ. 6194 (PAC), 2007 U.S. Dist. LEXIS 97959, at *7-8 (S.D.N.Y. Feb. 21, 2007) (Crotty, J).

The Pension Fund Group (the "Pension Funds") and the Institutional Investor Group (the "Institutional Investors") are the two Lead Plaintiff movants with the largest claimed loss. However, neither purchased Goldman put or call option contracts, and hence both lack standing and the incentive to prosecute claims on behalf of investors in Goldman put and call options contracts and investors who acquired Goldman common stock pursuant to those put and call options contracts (the "Options Investors" and "Options Claims").  In addition, both the Pension Funds and the Institutional Investors have failed to commit to prosecute the Options Claims.  If the eventually appointed Lead Plaintiff for the class will not prosecute the Options Claims, then that Lead Plaintiff cannot fairly and adequately protect the interests of the entire class, which includes the Options Investors, and Bochner should be appointed Lead Plaintiff and Wolf Popper LLP ("Wolf Popper") should be appointed Lead Counsel for the separate class of Options Investors.  Even if they belatedly agree to prosecute the Options Claims, their initial disdain for the Options Claims calls into question their adequacy to serve as Lead Plaintiff on behalf of the

Options Investors and to prosecute the Options Claims. In any event, Bochner should be designated the named plaintiff and subclass representative on behalf of the Options Investors so that there is standing to prosecute the Options Claims, and Wolf Popper should be designated counsel for the Options Investors to protect their separate interests.

## ARGUMENT

### I. THE TWO PROSPECTIVE LEAD PLAINTIFFS ARE NOT ADEQUATE TO PROSECUTE THE OPTIONS CLAIMS

Both the Institutional Investors' and the Pension Funds' numerous actions evidence that they do not intend to include the Options Claims in any consolidated action. On July 6, 2010, Bochner's counsel sent letters to counsel for the Pension Funds and the Institutional Investors, which stated, in relevant part:

> Any lead plaintiff that does not commit to prosecute the claims brought by Ms. Bochner on behalf of the option traders, and does not designate Ms. Bochner as the class representative on behalf of those option traders, will not fairly and adequately protect the interests of all members of the class.
>
> We request that you confirm to us in writing that you will commit to prosecute the claims brought by Ms. Bochner, to designate Ms. Bochner as the class representative on behalf of those claims, and to designate Wolf Popper LLP as counsel to Ms. Bochner and the options class.

(Declaration of Marian P. Rosner in Support of Tikva Bochner's Memorandum of Law in Further Support of Her Motion to Consolidate, for Appointment as Lead Plaintiff and to Approve Her Selection of Lead Counsel, and in Response to the Pension Funds', Institutional Investors Group's and Pablo Elizondo's Motions for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel, dated July 9, 2010, Docket No. 23 ("Rosner Response Decl."), Exs. A, B (the "Letters").) Neither the Pension Funds nor the Institutional Investors responded to Bochner's request.

Also, the Pension Funds and the Institutional Investors' opposition memoranda of law and supporting declarations, which were filed three days after Bochner filed her memorandum of law in further support of her motion for Lead Plaintiff, and six days after Bochner sent the Letters, fail to include any statement assuring this Court and the Options Investors that the Institutional Investors will prosecute the Options Claims. In addition, the Institutional Investors moved to consolidate five class actions brought on behalf of investors in Goldman common stock, and did not move to consolidate the Bochner Action, the only class action brought on behalf of the Options Investors. (*See* Memorandum of Law in Support of the Motion of the Institutional Investors Group for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Plaintiff's Choice of Co-Lead Counsel, Docket No. 16 ("Institutional Investors' Mem."), p. 13.)

These actions, taken as a whole, lead to but one conclusion: the Pension Funds and the Institutional Investors have no interest in prosecuting and will not prosecute the Options Claims, and will therefore not fairly and adequately protect the interests of the entire class.

## II.   BOCHNER SHOULD BE APPOINTED LEAD PLAINTIFF, OR IN ANY EVENT, NAMED PLAINTIFF, ON BEHALF OF THE OPTIONS INVESTORS

The Options Investors have substantial claims that require representation in this action. Given the Pension Funds' and the Institutional Investors' distain for acting on behalf of the Options Investors, they are inadequate to serve as Lead Plaintiff for a class including the Options Investors.

The authority cited by the Pension Funds and the Institutional Investors recognizes that the Court has the power to appoint a co-lead plaintiff "on the possibility that conflicts do ultimately arise," even in the absence of proof of a specific conflict. *Freudenberg v. E\*Trade Fin. Corp.*, No. 07 Civ. 8538, 2008 U.S. Dist. LEXIS 62767, at \*21 (S.D.N.Y. July 16, 2008);

*Fishbury, Ltd. v. Connetics Corp.*, Nos. 06 Civ. 11496 (SWK), 06 Civ. 12875 (SWK), 2006 U.S. Dist. LEXIS 90696, at *14 (S.D.N.Y. Dec. 14, 2006) ("[T]he Court may possess discretion to appoint co-lead plaintiff even in the absence of [a rebuttal of the most adequate lead plaintiff presumption]." (footnote omitted)).  The failure of the Pension Funds and the Institutional Investors to readily commit to prosecute the claims of members of the entire class raises enough of a possibility of a conflict to warrant the appointment of Bochner as Lead Plaintiff on behalf of a class or subclass of Options Purchasers, and the approval of Bochner's counsel, Wolf Popper, to represent the Options Purchasers.  Even if they were to belatedly commit to prosecute the Options Claims now, their reluctance to do so is reason enough to doubt their adequacy to act as Lead Plaintiff on behalf of the entire class.

In any event, Bochner should be designated the named plaintiff and subclass representative for the Options Investors.  Because neither group purchased Goldman put and call option contracts, they lack standing to prosecute the Options Claims on their own.  *See, e.g., N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08 Civ. 5653 (PAC), 2010 U.S. Dist. LEXIS 47512, at *11 (S.D.N.Y. Mar. 29, 2010) (Crotty, J.) ("In support of its argument for standing, Plaintiff cites *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004), for the proposition that a lead plaintiff does not need standing to sue on every available cause of action. In *Hevesi*, however, at least one named plaintiff (though not the lead plaintiff) had standing on each cause of action.")    Here, neither the Pension Funds nor the Institutional Investors have standing to sue as to the Options Claims.

A named plaintiff who purchased Goldman put and call options is necessary in order for there to be standing to bring the Options Claims.  "[T]he selection of lead plaintiffs does not remove the basic requirement that at least one named plaintiff must have standing to pursue each

claim alleged." *In re Salomon Analyst Level 3 Litig.*, 350 F. Supp. 2d 477, 496 (S.D.N.Y. 2004) (Lynch, J.); *see also id.* at 497 ("the law on standing in this district, named plaintiffs who have only alleged injury on the basis of their equity purchases lack standing to pursue a claim that the alleged misrepresentations caused injuries by artificially inflating the prices of certain bonds, where none of the named plaintiffs purchased those bonds."). Bochner, as the only options investor to have filed a class action complaint and to have moved for Lead Plaintiff, is the most appropriate options investor to serve as a named plaintiff and subclass representative on behalf of the Options Investors.

A separate named plaintiff and counsel (other than the designees of the lead plaintiff and lead counsel) for the subclass of Options Investors is also proper and necessary to ensure that the Options Investors' interests are protected. During the litigation of a consolidated action and any settlement negotiations or creation of a plan of allocation, conflicts of interest are likely to arise between Goldman common stock investors and the Options Investors. For example, the issues of loss causation and damages are different for Goldman common stock investors and the Options Investors. As a case in point, in *In re Enron Sec. Litig.*, No. H-01-3624 (S.D. Tex.), a predecessor firm to co-counsel to the Pension Funds acted as Lead Counsel for the entire class, while Wolf Popper acted as counsel for a note purchaser subclass. Lead counsel filed a Plan of Allocation of settlement proceeds. Wolf Popper filed objections to that Plan of Allocation arguing that it disadvantaged the subclass of note purchasers, and with the assistance of the District Court was able to negotiate a substantially better Plan of Allocation for its note purchaser clients. *See In re Enron Sec. Litig.*, No. H-01-3624, Docket No. 5764, Opposition to Plan of Allocation (S.D. Tex.).

Wolf Popper has represented Bochner from the filing of her class action on behalf of the Options Investors through the present litigation of the Lead Plaintiff issue, and is familiar with the facts and unique issues facing the Options Class.  Wolf Popper has also demonstrated that it can and will protect the interests of a subclass when conflicts arise with a larger class (*see In re Enron Sec. Litig.,* above).

### III.   THE PENSION FUNDS MISCHARACTERIZE THE LETTERS

The Pension Funds' mischaracterize Bochner's Letters as "lawyer-driven machinations" and a "demand[s] for a co-lead counsel role."  (The Pension Funds' Memorandum of Law in Opposition to the Competing Motions for Appointment as Lead Plaintiff, Docket No. 24 ("Pension Funds' Opp."), p. 20.)  Nothing could be further from the truth.  Bochner's Letters never asked the Pension Funds or the Institutional Investors to name her a co-Lead Plaintiff or name Wolf Popper co-Lead Counsel for the class.   Rather, Bochner and her counsel stated that if the Pension Funds and the Institutional Investors did not intend to prosecute the Options Claims, then they would be inadequate to represent the entire class of Goldman investors, which includes the Options Investors.  Bochner and her counsel only asked the Pension Funds and the Institutional Investors to confirm, in writing, that they intended to prosecute those claims.  Bochner and her counsel asked that Bochner be designated the named plaintiff and representative for the Options Investors, not a co-Lead Plaintiff, and Wolf Popper be designated as counsel to Bochner and the Options Investors, not as co-Lead Counsel to the class.

Bochner's Letters are an appropriate demand for adequate representation for the Options Investors and the Options Claims.

**CONCLUSION**

For the reasons stated above and in Bochner's other memoranda of law in support of her motion and supporting declarations, the Pension Funds and the Institutional Investors actions evidence that they will not prosecute the Options Claims.  If the Lead Plaintiff will not prosecute (or remain reluctant to prosecute) the Options Claims, then Bochner should be appointed Lead Plaintiff, and Wolf Popper should be appointed Lead Counsel, on behalf of a separate class or subclass of Options Investors.  Even if they now belatedly claim they will prosecute the Options Claims, their prior actions show their inadequacy to do so.  In any event, Bochner should be designated named plaintiff and subclass representative on behalf of the Options Investors, and Wolf Popper should be designated counsel to Bochner and the Options Investors subclass.

Dated: July 22, 2010
       New York, New York

                                        Respectfully submitted,

                                        **WOLF POPPER LLP**

                                   By:  /s/ Marian P. Rosner
                                        MARIAN P. ROSNER
                                        ROBERT C. FINKEL
                                        JOSHUA W. RUTHIZER
                                        ROBERT PLOSKY
                                        845 Third Avenue
                                        New York, NY 10022
                                        Tel.:  (212) 759-4600
                                        Fax:   (212) 486-2093
                                        mrosner@wolfpopper.com
                                        rfinkel@wolfpopper.com
                                        jruthizer@wolfpopper.com
                                        rplosky@wolfpopper.com