UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOLDMAN SACHS GROUP, INC. SECURITIES LITIGATION | Master File No. 10 Civ. 3461 (PAC) |

# MEMORANDUM OF LAW IN SUPPORT OF TIKVA BOCHNER'S MOTION FOR RECONSIDERATION AND CLARIFICATION

**WOLF POPPER LLP**
Marian P. Rosner
Robert C. Finkel
Joshua W. Ruthizer
Robert Plosky
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

*Counsel to Tikva Bochner*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

BACKGROUND .................................................................................................................... 2

ARGUMENT .......................................................................................................................... 5

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Aikman v. County of Westchester*, 691 F. Supp. 2d 496 (S.D.N.Y. 2010) ...................................... 6

*Eisemann v. Greene*, 204 F.3d 393 (2d Cir. 2000) .......................................................................... 6

*In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128 (S.D.N.Y. 2007) ............................................... 6

*In re Salomon Analyst Level 3 Litig.*, 350 F. Supp. 2d 477 (S.D.N.Y. 2004) ............................. 6, 7

*In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267 (S.D.N.Y. 2003) ............................................... 7

*New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, No. 08 Civ. 5653 (PAC),
    2010 U.S. Dist. LEXIS 47512 (S.D.N.Y. Mar. 29, 2010) ........................................................... 7

*Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208 (1974) .................................. 6

**Rules**

Local Rule 6.3 ............................................................................................................................. 1, 5

Plaintiff Tikva Bochner respectfully submits this Memorandum of Law in support of her motion, pursuant to Local Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3"), for an order reconsidering or clarifying this Court's March 25, 2011 Memorandum and Order [Docket No. 42] (the "Order") to (a) create a separate Options Investors Subclass (as defined below); (b) appoint Bochner the named plaintiff and class representative on behalf of the Options Investors Subclass; and (c) appoint Wolf Popper LLP, as Bochner's counsel, counsel to the Options Investors Subclass.

**INTRODUCTION**

The Court, in the March 25, 2011 Order, misconstrued Bochner's motion as one seeking appointment as lead plaintiff for the *entire* action, and denied Bochner's motion on that ground.  (*See* Order at 6 (quoted below at 5).)  In actuality, Bochner only sought appointment as a co-lead plaintiff or named plaintiff and class representative for the Options Investors Subclass to ensure that its claims were prosecuted and its interests were properly protected.  Counsel for Bochner explained the limited nature of Bochner's motion at the November 4, 2010 hearing in this matter.  (*See* below at 3-4.)  Likewise, defendants' counsel raised no objection to Bochner's appointment as a named plaintiff and class representative on behalf of the Options Investors Subclass.  (*See* Transcript of the Nov. 4, 2010 hearing ("Tr.") at 26:6-10 ("We would prefer the suggestion – second alternative, which is one lead plaintiff structure with, however, a subclass for options holders . . .").)

Reconsideration and clarification is also warranted in light of the Court's statement that "the option claims raised by Ms. Bochner can be handled in other ways

which fully protect the interests of her proposed class." (Order, at 6.) It is not clear in context what the Court intended in order to fully protect the interests of the Options Investors Subclass. Bochner knows of no mechanism that is available to protect the interests of the Options Investors Subclass other than the creation of the Options Investors Subclass, the appointment of a member of the Options Investors Subclass as a named plaintiff and class representative on behalf of the subclass, and appointment of separate counsel for the Options Investors Subclass.[1]

Accordingly, it is respectfully submitted that Bochner's motion for reconsideration or clarification be granted.

## BACKGROUND

Bochner filed a complaint in this action (dated April 26, 2010) and moved for lead plaintiff to represent class of persons who "(i) sold [Goldman Sachs Group, Inc. ("Goldman")] put options [during the Class Period … through … (the "Class Period")] that expired on April 16, 2010 or after, (ii) acquired Goldman common stock pursuant to the exercise of sold put options [during the Class Period] and who held those shares as of April 16, 2010, (iii) purchased Goldman call options [during the Class Period] that expired on April 16, 2010, or after, or (iv) acquired Goldman common stock pursuant to the exercise of purchased call options [purchased during the Class Period] and who held those shares as of April 16, 2010, and suffered damages thereby" (the "Options Investors Subclass"). (*See* Bochner's June 25, 2010 Memorandum of Law [Docket No. 12] ("June 25 Mem.") at 1-2.)

---

[1]  If the Pension Group (as defined below) were to handpick a different options trader to represent the Options Investors Subclass, that options trader would be beholden to that group and that group's counsel and is not likely to as vigorously represent the subclass as an entirely independent options trader and counsel.

Bochner was the only member of the Options Investors Subclass to file a complaint against Goldman and the individual defendants alleging securities fraud, and also the only member of the Options Investors Subclass to move to be appointed co-lead plaintiff or named plaintiff and class representative on behalf of the Options Investors Subclass. Bochner never sought appointment as lead plaintiff on behalf of all investors in Goldman common stock. In fact, Bochner conceded that she did not have the largest claimed loss under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA") and the *Lax* test. (*See* Bochner's July 22, 2010 Memorandum of Law [Docket No. 28] ("July 22 Mem.") at 1.) Bochner took no position on which of the two lead plaintiff movants had the largest financial loss, the Pension Fund Group ("Pension Group")[2] or the Institutional Investors Group ("Investors Group")[3], or which should have been appointed lead plaintiff on behalf of investors in Goldman common stock. (*See* Bochner's July 9, 2010 Memorandum of Law [Docket No. 22] ("July 9 Mem.") at 7.)

Robert Finkel, Bochner's counsel, summarized her position at the November 4, 2010 hearing:

> MR. FINKEL: The structure of lead counsel obviously will include either the pension group or the institutional investor group on behalf of the common stock investors. However, there needs to be representation on behalf of the option traders as well. We propose that Mrs. Bochner be the lead plaintiff on behalf of the option traders because the claim is substantial, and even though there is a common nucleus of facts and law, the claims have significant differences.
>
> The primary issue with regard to the option claims are: Is the market efficient? And what is the measure of damages as a result of the disclosure of the true facts under Dura? Because options are complex instruments that trade both on the fundamental value of the company and

---

[2] The Pension Group consists of the Arkansas Teachers Retirement System, the West Virginia Investment Management Board, and the Plumbers and Pipefitters National Pension Group.
[3] The Investors Group consists of the Montana Board of Investments, Metzler Investments GmbH, and Sampension KP Livsforsikring A/S.

> also the time value of the option, it requires a different and complex damage analysis that has to be done independently of the common stock claim. And as you've heard, neither group owns the options. So neither group has any financial interest. Whether you say they're a net seller or whatever, however you classify it under the Lax factors, they have zero financial interest in the options. Mrs. Bochner is the only lead plaintiff movant who has a financial interest in the options. And what the PSLRA instructs us is that plaintiffs that have a financial interest, a large financial interest in a claim, will do a better job with regard to the prosecution of that claim.
>
> So again, your Honor, whether you call Mrs. Bochner a lead plaintiff on behalf of the option subclass or -- or have her, through lead plaintiff in the common stock case, appointed a class representative on behalf of the subclass, she is entitled to participate in this action on behalf of the significant option claims.
>
> \*   \*   \*
>
> But we believe that she should be designated a lead plaintiff, but we would work with the lead plaintiff in the common stock case and we would do it in a nonduplicative manner and we would focus on the issues that are most significant to her.
>
> THE COURT: So she should be the lead plaintiff or --
>
> MR. FINKEL: Or designated, with a strong suggestion to the -- whoever you appoint lead plaintiff and lead counsel, to be designated as a subclass representative on behalf of the --
>
> THE COURT: For the option holders.
>
> MR. FINKEL: Options, yes.

(Tr. at 23:9-25:4.) The defendants registered no objection to Bochner's request for appointment as a named plaintiff and class representative for a separate Options Investors Subclass. (*See* Tr. At 26:6-10 ("We would prefer the suggestion – second alternative, which is one lead plaintiff structure with, however, a subclass for options holders . . .").

On March 25, 2011, the Court issued the Order and appointed the Pension Group lead plaintiff. The Order also mischaracterized Bochner's motion as one for lead plaintiff on behalf of the *entire class* of investors in Goldman securities. Despite recognizing the

- 4 -

need to protect the claims of the Options Investors Subclass, the Order contained no provision for a separate Options Investors Subclass, for appointment of a named plaintiff and class representative with standing to prosecute its claims, or for appointment of counsel to separately represent the Options Investors Subclass.

> Bochner maintains that the Institutional Investors did not invest in Goldman put and call options and, accordingly, have no standing to assert Bochner's claims. Similarly, the Institutional Investors have no financial incentive to litigate on behalf of the proposed options class. Bochner also objects to the Pension Funds application to be lead counsel for essentially the same reason: no option investment, lack of standing, and lack of financial incentives to actively prosecute the put and call options claims. Bochner contends that if the Court were to recognize either the [Institutional Investors] or Pension Funds class actions to include options, there would likely be conflicts between the common stock investors and the options class in prosecuting the action and in any settlement negotiations. Having knocked out the other two contenders, Bochner is the last proposed class standing and, accordingly, claims lead plaintiff status.
>
> Of course, Bochner's argument skips over the facts that the dollar amount and her "financial interest" are minimal to the point of being de minimis. Her proposed relief would result in a very tiny tail wagging a very large dog. Further, it would put an individual plaintiff in charge of a litigation that Congress has instructed should be guided by institutional investors. Finally, the option claims raised by Ms. Bochner can be handled in other ways which fully protect the interests of her proposed class.
>
> The Court concludes that Ms. Bochner is not entitled to lead plaintiff status, and her selection of counsel is not relevant. [(Order, at 6 (footnote omitted).)]

As stated, Bochner never sought to be appointed lead plaintiff for the entire class of investors in Goldman securities.  Hence, Bochner now moves for reconsideration and clarification.

## **ARGUMENT**

Local Rule 6.3 permits a party to move the court to reconsider or clarify an order determining a motion.  Such reconsideration or clarification is merited if a party can demonstrate that the Court's analysis may not have taken into consideration important

factual matters before the Court.[4]  *See, e.g., Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000); *Aikman v. County of Westchester*, 691 F. Supp. 2d 496, 497-98 (S.D.N.Y. 2010).

Reconsideration and clarification is particularly warranted in this matter because the Court recognized the need for the interests of the Options Investors Subclass to be protected (*see* Order at 6 ("the option claims raised by Ms. Bochner can be handled in other ways which fully protect the interests of her proposed class")), and also because the Court denied Bochner's motion based on a mischaracterization of that motion (which sought only appointment as a co-lead plaintiff or named plaintiff and class representative to protect those interests) as a motion for appointment as lead plaintiff on behalf of the *entire class* of investors in Goldman common stock.

A named plaintiff and class representative with standing to prosecute the claims of the Options Investors Subclass is necessary for the claims of the Options Investors Subclass to be properly prosecuted through the amended and consolidated complaint. "[T]he selection of lead plaintiffs does not remove the basic requirement that at least one named plaintiff must have standing to pursue each claim alleged." *In re Salomon Analyst Level 3 Litig.*, 350 F. Supp. 2d 477, 496 (S.D.N.Y. 2004) (Lynch, J.); *see also Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents."), *New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, No. 08 Civ. 5653 (PAC), 2010 U.S. Dist. LEXIS 47512, at *10

---

[4] In addition, "[c]ourts have interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007).

(S.D.N.Y. Mar. 29, 2010) (Crotty, J.) ("In the class action context, a plaintiff who represents a class must allege a personal injury." (internal citations omitted)); *In re Salomon Analyst Level 3 Litig.*, 350 F. Supp. 2d at 497 ("the law on standing in this district, named plaintiffs who have only alleged injury on the basis of their equity purchases lack standing to pursue a claim that the alleged misrepresentations caused injuries by artificially inflating the prices of certain bonds, where none of the named plaintiffs purchased those bonds."). Bochner is a member of the Options Investors Subclass, and therefore has standing to prosecute the claims of the Options Investors Subclass.

Further, during the litigation of the action or any settlement negotiations/creation of a plan of allocation, conflicts of interest are likely to arise between the Options Investors Subclass and investors in Goldman common stock. For example, pleading and proving market efficiency, loss causation and damages are different for options investors than for common stock investors. A separate representative on behalf of the Options Investors Subclass is necessary to protect their interests. *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 286 (S.D.N.Y. 2003) (Cote, J.) ("[b]oth class representatives and class counsel have responsibilities to absent members of the class, and a court must be satisfied that the named plaintiffs will fairly and adequately protect the interests of the class." (internal citations and quotes omitted).) Bochner has demonstrated her ability and desire to fully prosecute those claims through her actions in this matter, including filing a complaint, moving for lead plaintiff, instructing her counsel to appear and present argument at the November 4, 2010 hearing, and filing this motion.

## **CONCLUSION**

For the reasons stated above and in Bochner's June 25, July 9 July 22 Memoranda of Law (*See* June 25 Mem., at 8-15; July 9 Mem., at 10-11; July 22 Mem., at 3-6), Bochner respectfully requests that the Court reconsider and amend its Order to (a) create a separate Options Investors Subclass; (b) appoint Bochner the named plaintiff and class representative on behalf of the Options Investors Subclass; and (c) appoint Bochner's counsel, Wolf Popper, LLP, as counsel to the separate Options Investors Subclass.

Dated: April 8, 2011                                             Respectfully submitted,

**WOLF POPPER LLP**

s/ Marian P. Rosner
Marian P. Rosner
Robert C. Finkel
Joshua W. Ruthizer
Robert Plosky
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
mrosner@wolfpopper.com
rfinkel@wolfpopper.com
jruthizer@wolfpopper.com
rplosky@wolfpopper.com

*Attorneys for Tikva Bochner*