**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
──────────────────────────────── x
: 
In re GOLDMAN SACHS GROUP, INC.          :          Master File No. 1:10-cv-03461-PAC
SECURITIES LITIGATION                    :
:          ECF Case
This Document Relates To:                :
:
     ALL ACTIONS                         :
:
──────────────────────────────── x

## ANSWER

      Defendants The Goldman Sachs Group, Inc. ("GS Group"), Lloyd C. Blankfein,

David A. Viniar, and Gary D. Cohn (collectively, "Defendants"), through their undersigned

counsel, for their Answer to the Consolidated Class Action Complaint, dated July 25, 2011 (the

"Complaint"), filed in the above-captioned action ("Action") by lead plaintiffs the Arkansas

Teacher Retirement System, the West Virginia Investment Management Board, and the

Plumbers and Pipefitters National Pension Fund (collectively, "Plaintiffs") state as follows:

(i) Defendants aver that, by Opinion and Order dated June 21, 2012 (Dkt. No. 85) (the "Order"),

the Court, *inter alia*, dismissed Plaintiffs' claims to the extent they rely on alleged misstatements

and omissions regarding the receipt by Goldman, Sachs & Co. ("Goldman Sachs") and two of its

employees of Wells notices (the "Wells Notices") from the staff of the United States Securities

and Exchange Commission ("SEC") relating to the synthetic collateralized debt obligation

transaction ("CDO") ABACUS 2007 AC-1 ("Abacus") and, accordingly, no response is required

to Plaintiffs' allegations with respect to the Wells Notices; (ii) Defendants deny the allegations of

the Complaint to the extent they assert that Defendants or Goldman Sachs made false or

misleading statements to prospective investors in, or otherwise acted improperly with respect to,

the Abacus transaction, the Hudson Mezzanine 2006-1 synthetic CDO transaction ("Hudson"),

the Anderson Mezzanine Funding 2007-1 synthetic CDO transaction ("Anderson"), or the

Timberwolf I partially synthetic CDO transaction ("Timberwolf"), and respectfully refer the Court to the confidential offering circulars pursuant to which notes in those CDOs were offered to sophisticated investors (the "Offering Circulars") for a complete and accurate statement of their contents; (iii) Defendants deny the allegations of the Complaint to the extent they assert that Defendants made false or misleading statements in GS Group SEC filings, GS Group press releases, or any other public statements, and respectfully refer the Court to those SEC filings, press releases, and other documents for a complete and accurate statement of their contents; (iv) Defendants deny the allegations in the Complaint that incorporate or rely on, expressly or otherwise, findings contained in the Staff Report of the United States Senate Permanent Subcommittee on Investigations ("PSI"), dated April 13, 2011, entitled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" (the "PSI Report"), to the extent those findings suggest that Defendants or Goldman Sachs engaged in any wrongdoing; (v) Defendants deny any averments in the Table of Contents, headings and subheadings of the Complaint; and (vi) Defendants deny the allegations in the Complaint under the heading "Introduction," except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents, admit and aver that Plaintiffs purport to bring this action as described therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' purported investigation.

In further response to the Complaint, Defendants state as follows:

1.    Defendants deny the allegations in paragraph 1, except admit and aver that Plaintiffs purport to bring this action as described therein.

2.    Defendants aver that, to the extent paragraph 2 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to

paragraph 2 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 2, except admit and aver that Goldman Sachs and Fabrice Tourre were named as defendants in a civil enforcement action concerning the Abacus transaction filed by the SEC on April 16, 2010, captioned *SEC* v. *Goldman, Sachs & Co.*, 10-cv-3229 (BSJ) (S.D.N.Y.) (the "SEC Action"), respectfully refer the Court to the pleadings in that action for a complete and accurate statement of their contents, and deny knowledge or information sufficient to form a belief concerning the allegations in paragraph 2 regarding investors' gains and losses with respect to Abacus.

3.      Defendants aver that, to the extent paragraph 3 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 3 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 3.

4.      Defendants aver that, to the extent paragraph 4 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 4 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 4.

5.      Defendants aver that, to the extent paragraph 5 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 5 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 5, except admit and aver that, on or around April 26, 2010, the PSI publicly released certain documents that Goldman Sachs had produced to the PSI, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

6.     Defendants deny the allegations in paragraph 6, except respectfully refer the Court to the articles referenced therein for a complete and accurate statement of their contents.

7.     Defendants aver that, to the extent paragraph 7 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 7 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 7, except respectfully refer the Court to the Consent of Defendant Goldman, Sachs & Co., dated July 20, 2010, filed in the SEC Action (the "SEC Action Consent"), for a complete and accurate statement of its contents.

8.     Defendants deny the allegations in paragraph 8, except respectfully refer the Court to the PSI Report for a complete and accurate statement of its contents.

9.     Defendants deny the allegations in paragraph 9, except deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of footnote 1, admit and aver that Goldman Sachs has provided documents and information in connection with certain mortgage-related investigations, and respectfully refer the Court to the PSI Report for a complete and accurate statement of its contents.

10.    Defendants aver that, to the extent paragraph 10 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 10 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 10.

11.    Defendants aver that no response to the allegations in paragraph 11 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations

concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 11.

12.     Defendants aver that no response to the allegations in paragraph 12 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 12.

13.     Defendants aver that no response to the allegations in paragraph 13 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 13, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

14.     Defendants aver that no response to the allegations in paragraph 14 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 14, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

15.     Defendants aver that no response to the allegations in paragraph 15 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 15, except respectfully refer the Court to the report referenced therein for a complete and accurate statement of its contents.

16.     Defendants aver that no response to the allegations in paragraph 16 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations

concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 16, except respectfully refer the Court to the Final Notice to Goldman Sachs International from Tracey McDermott, United Kingdom Financial Services Authority ("FSA"), dated September 10, 2010 (the "FSA Notice"), and the Letter of Acceptance, Waiver and Consent from Goldman, Sachs & Co. to the Financial Industry Regulatory Authority ("FINRA") Department of Enforcement, dated October 18, 2010 (the "FINRA Consent"), for a complete and accurate statement of their contents.

17.     Defendants aver that no response to the allegations in paragraph 17 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 17.

18.     Defendants deny the allegations in paragraph 18, except respectfully refer the Court to the SEC filings quoted therein for a complete and accurate statement of their contents.

19.     Defendants deny the allegations in paragraph 19.

20.     Defendants deny the allegations in paragraph 20.

21.     Defendants deny the allegations in paragraph 21, except respectfully refer the Court to the SEC filings, reports, and other documents referenced therein for a complete and accurate statement of their contents.

22.     Defendants deny the allegations in paragraph 22, except respectfully refer the Court to the PSI Report for a complete and accurate statement of its contents.

23.     Defendants deny the allegations in paragraph 23, except respectfully refer the Court to the statement referenced therein for a complete and accurate description of its contents.

24.     Defendants deny the allegations in paragraph 24, except respectfully refer the

Court to the reports referenced therein for a complete and accurate statement of their contents.

25.     Defendants deny the allegations in paragraph 25, except respectfully refer the Court to the SEC filings referenced therein for a complete and accurate description of their contents.

26.     Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27, except respectfully refer the Court to the conference call transcript quoted therein for a complete and accurate description of its contents.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants aver that, to the extent paragraph 29 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 29 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30, except admit and aver that, on or around April 26, 2010, the PSI publicly released certain documents that Goldman Sachs had produced to the PSI, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

31.     Defendants aver that paragraph 31 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 31, except admit and aver that Plaintiffs purport to bring claims under the statutes and regulation set forth therein.

32.     Defendants aver that paragraph 32 purports to state a legal conclusion as to which

no response is required.

33.     Defendants aver that paragraph 33 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding purchases of GS Group's common stock.

35.     Defendants deny that the allegations in paragraph 35 present a fair and complete statement of the matters they purport to describe, except admit and aver that GS Group is a Delaware corporation with its principal place of business in New York, New York, and respectfully refer the Court to GS Group's Annual Reports on Form 10-K, filed with the SEC on or around February 5, 2007, January 28, 2008, January 26, 2009 and February 26, 2010, for an accurate description of the business of GS Group and its affiliates during the time period at issue.

36.     Defendants deny the allegations in paragraph 36, except (i) admit and aver that Goldman Sachs and Goldman Sachs International ("GSI") are affiliates of GS Group, that Goldman Sachs is a registered broker-dealer in the United States, that the principal place of business of Goldman Sachs is New York, New York, and that the principal place of business of GSI is London, United Kingdom, and (ii) respectfully refer the Court to GS Group's Annual Reports on Form 10-K, filed with the SEC on or around February 5, 2007, January 28, 2008, January 26, 2009 and February 26, 2010, for an accurate description of the business of GS Group and its affiliates during the time period at issue.

37.     Defendants deny the allegations in paragraph 37, except respectfully refer the Court to GS Group's Annual Reports on Form 10-K, filed with the SEC on or around February

5, 2007, January 28, 2008, January 26, 2009 and February 26, 2010, for an accurate description of the business of GS Group and its affiliates during the time period at issue.

38.     Defendants deny the allegations in paragraph 38, except admit and aver that Lloyd C. Blankfein is the Chairman and Chief Executive Officer of GS Group.

39.     Defendants deny the allegations in paragraph 39, except admit and aver that David A. Viniar is the Chief Financial Officer of GS Group.

40.     Defendants deny the allegations in paragraph 40, except admit and aver that Gary D. Cohn is the President, the Chief Operating Officer and a director of GS Group.

41.     Defendants aver that paragraph 41 contains no factual allegations that require a response.

42.     Defendants deny the allegations in paragraph 42, except admit and aver that the individuals listed in paragraph 42 were employees of GS Group or its affiliates during some or all of the time period at issue in this action, and that certain of those employees were involved in one or more of the CDO transactions at issue in this action.

43.     Defendants deny the allegations in paragraph 43, except admit and aver that Plaintiffs purport to bring this action as a putative class action as described therein.

44.     Defendants aver that the first two sentences of paragraph 44 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first two sentences of paragraph 44, and Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 44, except respectfully refer the Court to the records of the transfer agent of GS Group for a complete and accurate listing of the shareholders of record of GS Group during the putative class period.

45.     Defendants aver that paragraph 45 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 45.

46.     Defendants aver that paragraph 46 purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 46.

47.     Defendants aver that paragraph 47 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 47.

48.     Defendants aver that paragraph 48 purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 48.

49.     Defendants aver that no response to the allegations in paragraph 49 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 49, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

50.     Defendants aver that, to the extent paragraph 50 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 50 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 50 (and its footnote), except respectfully refer the Court to the Abacus Offering Circular for a description of the transaction.

51.     Defendants aver that, to the extent paragraph 51 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 51 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 51, except respectfully refer the Court to the memorandum referenced therein (the "Abacus MCC Memorandum") for a complete and accurate statement of its contents.

52.     Defendants aver that, to the extent paragraph 52 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 52 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 52, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

53.     Defendants aver that, to the extent paragraph 53 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 53 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 53, except respectfully refer the Court to the documents and interview referenced therein for a complete and accurate statement of their contents.

54.     Defendants aver that, to the extent paragraph 54 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 54 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, except respectfully

refer the Court to the document quoted therein for a complete and accurate statement of its contents.

55.     Defendants aver that, to the extent paragraph 55 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 55 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 55, except respectfully refer the Court to the Abacus Offering Circular and the Abacus MCC Memorandum for a description of the transaction, and admit and aver that Fabrice Tourre was a member of the Goldman Sachs team on the Abacus transaction.

56.     Defendants aver that, to the extent paragraph 56 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 56 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 56 and deny the remaining allegations in paragraph 56, except respectfully refer the Court to the document and testimony referenced therein for a complete and accurate statement of their contents.

57.     Defendants aver that, to the extent paragraph 57 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 57 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 57, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

58.     Defendants aver that, to the extent paragraph 58 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 58 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 58, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents, and admit and aver that Jonathan Egol was a member of the Goldman Sachs team on the Abacus transaction.

59.     Defendants aver that, to the extent paragraph 59 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 59 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 59, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

60.     Defendants aver that, to the extent paragraph 60 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 60 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 60, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the final sentence in paragraph 60, and respectfully refer the Court to the document and interview referenced in paragraph 60 for a complete and accurate statement of their contents.

61.     Defendants aver that, to the extent paragraph 61 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 61 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those

allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 61, except respectfully refer the Court to the Abacus MCC Memorandum referenced therein for a complete and accurate statement of its contents and to the Abacus Offering Circular for a further description of the transaction.

62.     Defendants aver that, to the extent paragraph 62 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 62 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 62, except admit and aver that Paulson & Co., Inc. ("Paulson") was among the potential investors that expressed views as to the assets for inclusion in the reference portfolio for the Abacus transaction, and that ACA Management, LLC ("ACA") was the sole portfolio selection agent for the Abacus transaction and selected the reference portfolio for the Abacus transaction, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Paulson's preferences, respectfully refer the Court to the Abacus Offering Circular and Abacus MCC Memorandum for a description of the transaction, and respectfully refer the Court to the documents referenced in paragraph 62 for a complete and accurate statement of their contents.

63.     Defendants aver that, to the extent paragraph 63 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 63 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 63, except respectfully refer the Court to the Abacus Offering Circular and Abacus MCC Memorandum for a description of the transaction, including ACA's selection of the Abacus

reference portfolio.

64.     Defendants aver that, to the extent paragraph 64 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 64 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 64, except respectfully refer the Court to Goldman Sachs' Supplemental Submission, dated September 25, 2009, in *In re ABACUS CDO*, No. HO-10911 (SEC), for a complete and accurate statement of its contents, and to the Abacus Offering Circular and the Abacus MCC Memorandum for a description of the transaction.

65.     Defendants aver that, to the extent paragraph 65 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 65 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 65, except respectfully refer the Court to the testimony referenced therein for a complete and accurate statement of its contents.

66.     Defendants aver that, to the extent paragraph 66 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 66 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 66, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

67.     Defendants aver that, to the extent paragraph 67 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to

paragraph 67 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 67.

68.     Defendants aver that, to the extent paragraph 68 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 68 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 68, except deny knowledge or information sufficient to form a belief as to what Moody's understood, respectfully refer the Court to the record of the hearing referenced in paragraph 68 for a complete and accurate statement of its contents, and admit and aver that Moody's assigned Aaa ratings to certain of the senior tranches of securities issued by the Abacus CDO.

69.     Defendants aver that, to the extent paragraph 69 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 69 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 69, except deny knowledge or information sufficient to form a belief as to what ACA told the PSI, and respectfully refer the Court to the interview referenced therein for a complete and accurate statement of its contents.

70.     Defendants aver that, to the extent paragraph 70 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 70 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, except respectfully

refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

71.    Defendants aver that, to the extent paragraph 71 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 71 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

72.    Defendants aver that, to the extent paragraph 72 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 72 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 72, except deny knowledge and information sufficient to form a belief as to the truth of the allegations in the final two sentences therein, and respectfully refer the Court to the document and interview referenced in paragraph 72 for a complete and accurate statement of their contents.

73.    Defendants aver that, to the extent paragraph 73 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 73 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 73, except deny knowledge and information sufficient to form a belief as to the truth of the allegations in the final two sentences of paragraph 73, and respectfully refer the Court to the document and statement referenced therein for a complete and accurate statement of their

contents.

74.     Defendants aver that, to the extent paragraph 74 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 74 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 74, except respectfully refer the Court to the interview referenced therein for a complete and accurate statement of its contents.

75.     Defendants aver that, to the extent paragraph 75 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 75 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants admit and aver that ACA Financial Guaranty Corporation brought a civil action against Goldman Sachs in the Supreme Court of the State of New York, captioned *ACA Financial Guaranty Corp.* v. *Goldman, Sachs & Co.*, Index No. 650027/2011 (N.Y. Sup. Ct.) (the "ACA Action"), and respectfully refer the Court to the pleadings in that action for a complete and accurate statement of their contents.

76.     Defendants aver that, to the extent paragraph 76 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 76 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 76, except respectfully refer the Court to the documents and hearing record referenced therein for a complete and accurate statement of their contents.

77.     Defendants aver that, to the extent paragraph 77 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to

paragraph 77 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 77, except respectfully refer the Court to the Abacus Offering Circular and the Abacus MCC Memorandum for a description of the transaction.

78.     Defendants aver that, to the extent paragraph 78 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 78 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 78, except admit and aver that Abacus closed on or around April 26, 2007, that the Hudson, Anderson and Timberwolf transactions closed prior to April 26, 2007, that IKB Deutsche Industriebank and ACA Capital Holdings, LLC purchased securities issued by Abacus, that ACA Financial Guaranty Corporation sold credit protection with respect to the Abacus reference portfolio, and that Paulson purchased credit protection with respect to the Abacus reference portfolio, and respectfully refer the Court to the Abacus Offering Circular and the Abacus MCC Memorandum for a description of the transaction.

79.     Defendants aver that, to the extent paragraph 79 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 79 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 79, except admit and aver that the Abacus reference portfolio declined with the overall market, and respectfully refer the Court to publicly available records of the credit ratings assigned to the Abacus securities and to the documents referenced in paragraph 79 for a complete and accurate statement of their contents.

80.     Defendants aver that, to the extent paragraph 80 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 80 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 80, except respectfully refer the Court to the testimony and documents referenced therein for a complete and accurate statement of their contents.

81.     Defendants aver that, to the extent paragraph 81 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 81 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     Defendants aver that, to the extent paragraph 82 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 82 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 82, except respectfully refer the Court to the documents referenced in footnote 2173 of the PSI Report for a complete and accurate statement of their contents.

83.     Defendants aver that, to the extent paragraph 83 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 83 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 83, except admit and aver that Goldman Sachs and Fabrice Tourre were named as defendants in the SEC Action, and respectfully refer the Court to the pleadings in that action for a complete

and accurate statement of their contents.

84.    Defendants aver that, to the extent paragraph 84 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 84 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

85.    Defendants aver that, to the extent paragraph 85 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 85 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

86.    Defendants aver that, to the extent paragraph 86 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 86 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 86, except admit and aver that the SEC Action was ultimately settled, and respectfully refer the Court to the SEC Action Consent for a complete and accurate statement of its contents.

87.    Defendants aver that, to the extent paragraph 87 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to

paragraph 87 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 87, except admit and aver that the Abacus reference portfolio declined with the overall market, and respectfully refer the Court to publicly available records of the credit ratings assigned to the Abacus securities.

88.     Defendants aver that no response to the allegations in paragraph 88 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 88, except admit and aver that the SEC requested and Goldman Sachs produced documents and information in connection with an SEC investigation, and that staff of the SEC Division of Enforcement ("SEC Staff") took depositions of various individuals.

89.     Defendants aver that no response to the allegations in paragraph 89 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 89.

90.     Defendants aver that no response to the allegations in paragraph 90 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 90, except admit and aver that Goldman Sachs received a Wells Notice from SEC Staff on or around July 29, 2009, aver that the second sentence of paragraph 90 purports to state a legal conclusion as to which no response is required, and respectfully refer the Court to the Wells Notice referenced in paragraph 90 for a complete and accurate statement of its contents and to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations

concerning the Wells Notices.

91.     Defendants aver that no response to the allegations in paragraph 91 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 91, except admit and aver that Goldman Sachs provided written submissions to the SEC Staff on or around September 10, 2009 and September 25, 2009, to which the Court is respectfully referred, and that Goldman Sachs met with SEC Staff in connection with the SEC's investigation concerning Abacus on various occasions.

92.     Defendants aver that no response to the allegations in paragraph 92 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 92, except admit and aver that certain senior members of Goldman Sachs management were aware of the SEC investigation concerning Abacus and the Wells Notices.

93.     Defendants aver that no response to the allegations in paragraph 93 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, except admit and aver that SEC Staff issued a Wells Notice to Fabrice Tourre on or around September 28, 2009, and that Mr. Tourre made a written submission to the SEC on or around October 26, 2009.

94.     Defendants aver that no response to the allegations in paragraph 94 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations

concerning the Wells Notices.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, except admit and aver that SEC Staff issued a Wells Notice to Jonathan Egol on or around January 29, 2010, and that Mr. Egol made a written submission to the SEC on or around February 24, 2010.

95.     Defendants aver that no response to the allegations in paragraph 95 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 95, except admit and aver that Fabrice Tourre and Jonathan Egol were involved in the Abacus transaction, aver that the first sentence of paragraph 95 purports to state a legal conclusion to which no response is required, and respectfully refer the Court to its Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.

96.     Defendants aver that no response to the allegations in paragraph 96 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 96.

97.     Defendants aver that no response to the allegations in paragraph 97 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 97.

98.     Defendants aver that no response to the allegations in paragraph 98 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 98.

99.     Defendants aver that no response to the allegations in paragraph 99 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 99.

100.    Defendants aver that no response to the allegations in paragraph 100 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 100, except respectfully refer the Court to GS Group's SEC filings and the FINRA Consent for a complete and accurate statement of their contents.

101.    Defendants aver that no response to the allegations in paragraph 101 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 101, except admit and aver that GSI is an affiliate of GS Group, aver that the second sentence of paragraph 101 purports to state a legal conclusion as to which no response is required, and respectfully refer the Court to the FINRA Consent and the FSA Notice for a complete and accurate statement of their contents.

102.    Defendants aver that no response to the allegations in paragraph 102 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 102, except respectfully refer the Court to the FINRA Consent for a complete and accurate statement of its contents.

103.    Defendants aver that no response to the allegations in paragraph 103 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations

concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 103, except respectfully refer the Court to the FINRA Consent for a complete and accurate statement of its contents.

104.    Defendants aver that no response to the allegations in paragraph 104 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 104, except respectfully refer the Court to the FINRA Consent for a complete and accurate statement of its contents.

105.    Defendants aver that no response to the allegations in paragraph 105 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 105, except respectfully refer the Court to the FSA Notice for a complete and accurate statement of its contents.

106.    Defendants aver that no response to the allegations in paragraph 106 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 106, except respectfully refer the Court to the FSA Notice for a complete and accurate statement of its contents.

107.    Defendants aver that no response to the allegations in paragraph 107 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 107, except respectfully refer the Court to the FSA Notice for a complete and accurate statement of its contents.

108.    Defendants aver that no response to the allegations in paragraph 108 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 108, except respectfully refer the Court to the FSA Notice for a complete and accurate statement of its contents.

109.    Defendants aver that no response to the allegations in paragraph 109 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 109, except respectfully refer the Court to the FSA Notice for a complete and accurate statement of its contents.

110.    Defendants aver that no response to the allegations in paragraph 110 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 110, except respectfully refer the Court to GS Group's SEC filings for a complete and accurate statement of their contents.

111.    Defendants aver that no response to the allegations in paragraph 111 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 111.

112.    Defendants aver that no response to the allegations in paragraph 112 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 112, except respectfully refer the Court to the SEC filing referenced

therein for a complete and accurate statement of its contents.

113.    Defendants aver that no response to the allegations in paragraph 113 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 113, except respectfully refer the Court to the SEC filing and regulation referenced therein for a complete and accurate statement of their contents, and aver that the second sentence of paragraph 113 purports to state a legal conclusion as to which no response is required.

114.    Defendants aver that no response to the allegations in paragraph 114 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 114 and respectfully refer the Court to their responses to the allegations in paragraphs 49 through 112.

115.    Defendants aver that no response to the allegations in paragraph 115 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 115, except respectfully refer the Court to the press release referenced therein for a complete and accurate statement of its contents and to Defendants' responses to the allegations in paragraphs 49 through 114.

116.    Defendants aver that no response to the allegations in paragraph 116 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 116, except respectfully refer the Court to the article referenced therein

for a complete and accurate statement of its contents.

117.     Defendants aver that no response to the allegations in paragraph 117 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 117.

118.     Defendants aver that no response to the allegations in paragraph 118 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 118, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

119.     Defendants aver that no response to the allegations in paragraph 119 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 119 and respectfully refer the Court to their responses to the allegations in paragraphs 49 through 117.

120.     Defendants aver that no response to the allegations in paragraph 120 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 120, except respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

121.     Defendants aver that no response to the allegations in paragraph 121 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the

allegations in paragraph 121, except respectfully refer the Court to the remarks referenced therein for a complete and accurate statement of their contents.

122.   Defendants aver that no response to the allegations in paragraph 122 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 122 and respectfully refer the Court to their responses to the allegations in paragraphs 49 through 120.

123.   Defendants aver that no response to the allegations in paragraph 123 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 123, except respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

124.   Defendants aver that no response to the allegations in paragraph 124 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 124, except respectfully refer the Court to the press release referenced therein for a complete and accurate statement of its contents.

125.   Defendants aver that no response to the allegations in paragraph 125 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 125, except respectfully refer the Court to publicly reported closing prices of GS Group's common stock.

126.   Defendants aver that no response to the allegations in paragraph 126 is required

pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 126 and respectfully refer the Court to their responses to the allegations in paragraphs 49 through 125.

127.    Defendants aver that no response to the allegations in paragraph 127 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 127, except respectfully refer the Court to the press release referenced therein for a complete and accurate statement of its contents and to Defendants' responses to the allegations in paragraphs 49 through 126 and paragraphs 148 through 306.

128.    Defendants aver that no response to the allegations in paragraph 128 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 128, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

129.    Defendants aver that no response to the allegations in paragraph 129 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 129, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

130.    Defendants aver that no response to the allegations in paragraph 130 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the

allegations in paragraph 130 and respectfully refer the Court to their responses to the allegations in paragraphs 49 through 127.

131.     Defendants aver that no response to the allegations in paragraph 131 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 131.

132.     Defendants deny the allegations in paragraph 132.

133.     Defendants deny the allegations in paragraph 133.

134.     Defendants deny the allegations in paragraph 134, except respectfully refer the Court to the SEC filings referenced therein for a complete and accurate statement of their contents.

135.     Defendants deny the allegations in paragraph 135, except respectfully refer the Court to the SEC filings referenced therein for a complete and accurate statement of their contents.

136.     Defendants deny the allegations in paragraph 136, except respectfully refer the Court to the SEC filings referenced therein for a complete and accurate statement of their contents.

137.     Defendants deny the allegations in paragraph 137.

138.     Defendants deny the allegations in paragraph 138.

139.     Defendants deny the allegations in paragraph 139, except respectfully refer the Court to article referenced therein for a complete and accurate statement of its contents.

140.     Defendants deny that the allegations in paragraph 140, except respectfully refer the Court to the press release referenced therein for a complete and accurate statement of its

contents.

141.    Defendants deny the allegations in paragraph 141.

142.    Defendants deny the allegations in paragraph 142 and respectfully refer the Court to their responses to the allegations in paragraphs 49 through 141.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144, except admit and aver that Goldman Sachs and Fabrice Tourre were named as defendants in the SEC Action, and respectfully refer the Court to the pleadings in that action and the SEC Action Consent for a complete and accurate statement of their contents.

145.    Defendants deny the allegations in paragraph 145, except respectfully refer the Court to the decision in *SEC* v. *Tourre*, 790 F. Supp. 2d 147 (S.D.N.Y. 2011), for a complete and accurate statement of its contents.

146.    Defendants deny the allegations in paragraph 146, except admit and aver that ACA Financial Guaranty Corporation brought the ACA Action, and respectfully refer the Court to the pleadings in that action for a complete and accurate statement of their contents.

147.    Defendants deny the allegations in paragraph 147.

148.    Defendants deny the allegations in paragraph 148, except respectfully refer the Court to the PSI Report for a complete and accurate statement of its contents.

149.    Defendants deny the allegations in paragraph 149.

150.    Defendants deny the allegations in paragraph 150.

151.    Defendants deny that the allegations in paragraph 151 present a fair and complete statement of the matters they purport to describe, and respectfully refer the Court to GS Group's SEC filings for a description of the firm's business activities and financial condition during the

period at issue in this action.

152.    Defendants deny the allegations in paragraph 152, except respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents and to GS Group's SEC filings for a description of the firm's business activities during the period at issue in this action.

153.    Defendants aver that, to the extent paragraph 153 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 153 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 153, except respectfully refer the Court to the public statements alluded to therein.

154.    Defendants deny the allegations in paragraph 154, except respectfully refer the Court to the SEC filings and statements referenced therein for a complete and accurate description of their contents.

155.    Defendants deny the allegations in paragraph 155, except respectfully refer the Court to the testimony referenced therein for a complete and accurate statement of its contents.

156.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156, except respectfully refer the Court to the reports referenced therein for a complete and accurate statement of their contents.

157.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, except respectfully refer the Court to the reports referenced therein for a complete and accurate statement of their contents.

158.    Defendants deny the allegations in paragraph 158.

159.    Defendants deny the allegations in paragraph 159, except respectfully refer the

Court to the document quoted therein for a complete and accurate statement of its contents.

160.     Defendants deny the allegations in paragraph 160, except respectfully refer the Court to the documents referenced in footnotes 2220 and 2221 of the PSI Report for a complete and accurate statement of their contents.

161.     Defendants deny the allegations in paragraph 161, except respectfully refer the Court to the communications referenced therein for a complete and accurate statement of their contents.

162.     Defendants deny the allegations in paragraph 162, except respectfully refer the Court to the communications referenced therein for a complete and accurate statement of their contents.

163.     Defendants deny the allegations in paragraph 163, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents and to the Hudson Offering Circular for a description of the transaction.

164.     Defendants deny the allegations in paragraph 164, except admit and aver that Peter Ostrem and Darryl Herrick are former employees of Goldman Sachs who were involved in the Hudson transaction, and respectfully refer the Court to the Hudson Offering Circular for a description of the transaction.

165.     Defendants deny the allegations in paragraph 165.

166.     Defendants deny the allegations in paragraph 166.

167.     Defendants deny the allegations in paragraph 167, except respectfully refer the Court to the documents referenced therein for a complete and accurate description of their contents and to the Hudson Offering Circular for a description of the transaction.

168.     Defendants deny the allegations in paragraph 168, except respectfully refer the

Court to the documents referenced in footnotes 2248 and 2250 of the PSI Report for a complete and accurate description of their contents and to the Hudson Offering Circular for a description of the transaction.

169.    Defendants deny the allegations in paragraph 169, except respectfully refer the Court to the documents referenced therein and in footnote 2253 of the PSI Report for a complete and accurate statement of their contents.

170.    Defendants deny the allegations in paragraph 170, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

171.    Defendants deny the allegations in paragraph 171, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

172.    Defendants deny the allegations in paragraph 172, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

173.    Defendants deny the allegations in paragraph 173, except respectfully refer the Court to the interviews referenced therein for a complete and accurate statement of their contents.

174.    Defendants deny the allegations in paragraph 174.

175.    Defendants deny the allegations in paragraph 175, except respectfully refer the Court to the Hudson Offering Circular for a complete and accurate statement of its contents.

176.    Defendants deny the allegations in paragraph 176, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

177.    Defendants deny the allegations in paragraph 177, except respectfully refer the

Court to the Hudson Offering Circular for a complete and accurate statement of its contents, including its disclosure that GSI would be the short investor for the Hudson CDO.

178.   Defendants deny the allegations in paragraph 178, except respectfully refer the Court to the Hudson Offering Circular for a complete and accurate statement of its contents.

179.   Defendants deny the allegations in paragraph 179.

180.   Defendants deny the allegations in paragraph 180, except respectfully refer the Court to the documents referenced in footnotes 2270 and 2275 through 2277 of the PSI Report for a complete and accurate statement of their contents.

181.   Defendants deny the allegations in paragraph 181, except respectfully refer the Court to the documents referenced therein and minutes of the Firmwide Risk Committee meetings referenced therein for a complete and accurate statement of their contents.

182.   Defendants deny the allegations in paragraph 182, except admit and aver that certain sophisticated parties made investments in the Hudson CDO before and after the transaction closed in December 2006 and respectfully refer the Court to the transaction confirmations for a complete and accurate statement of their contents.

183.   Defendants deny the allegations in paragraph 183, except respectfully refer the Court to the email referenced therein for a complete and accurate statement of its contents.

184.   Defendants deny the allegations in paragraph 184, except respectfully refer the Court to the documents referenced in footnotes 2284 and 2285 of the PSI Report for a complete and accurate statement of their contents.

185.   Defendants deny the allegations in paragraph 185, except respectfully refer the Court to the documents referenced in footnotes 2286 through 2288 of the PSI Report for a complete and accurate statement of their contents.

186.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents and to publicly available records of the credit ratings assigned to the Hudson securities.

187.    Defendants deny the allegations in paragraph 187, except admit and aver that Goldman Sachs purchased certain securities issued by the Hudson CDO from certain investors in those securities, respectfully refer the Court to the transaction confirmations for a complete and accurate statement of their contents, and deny knowledge or information sufficient to form a belief as to the gains or losses of investors in Hudson.

188.    Defendants deny the allegations in paragraph 188.

189.    Defendants deny the allegations in paragraph 189, except admit and aver that Peter Ostrem and Matthew Bieber were involved in the Anderson CDO transaction, and respectfully refer the Court to the Anderson Offering Circular and the Goldman Sachs Mortgage Capital Committee Memorandum, dated September 25, 2006, concerning the Anderson transaction (the "Anderson MCC Memorandum") for a description of the transaction.

190.    Defendants deny the allegations in paragraph 190, except respectfully refer the Court to the Anderson Offering Circular and the Anderson MCC Memorandum for a description of the transaction.

191.    Defendants deny the allegations in paragraph 191, except respectfully refer the Court to the document referenced in footnote 2311 of the PSI Report for a complete and accurate statement of its contents, and to the Anderson Offering Circular and the Anderson MCC Memorandum for a description of the transaction.

192.    Defendants deny the allegations in paragraph 192, except respectfully refer the

Court to the documents referenced in footnote 2312 of the PSI Report for a complete and accurate statement of their contents, and to the Anderson Offering Circular and the Anderson MCC Memorandum for a description of the transaction.

193.    Defendants deny the allegations in paragraph 193, except respectfully refer to the document referenced in footnote 2313 of the PSI Report for a complete and accurate statement of its contents.

194.    Defendants deny the allegations in paragraph 194, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

195.    Defendants deny the allegations in paragraph 195, except respectfully refer the Court to the document referenced in paragraph 195 for a complete and accurate statement of its contents.

196.    Defendants deny the allegations in paragraph 196, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

197.    Defendants deny the allegations in paragraph 197, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

198.    Defendants deny the allegations in paragraph 198, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

199.    Defendants deny the allegations in paragraph 199, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their

contents.

200.    Defendants deny the allegations in paragraph 200, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

201.    Defendants deny the allegations in paragraph 201, except respectfully refer the Court to the documents referenced therein and in footnotes 2323 through 2325 of the PSI Report for a complete and accurate statement of their contents.

202.    Defendants deny the allegations in paragraph 202, except admit and aver that Anderson closed on or around March 20, 2007, and respectfully refer the Court to the documents referenced in footnote 2312 of the PSI Report for a complete and accurate statement of their contents, and to the Anderson Offering Circular and the Anderson MCC Memorandum for a description of the transaction.

203.    Defendants deny the allegations in paragraph 203, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

204.    Defendants deny the allegations in paragraph 204, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

205.    Defendants deny the allegations in paragraph 205, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to investors' "concerns," and respectfully refer the Court to the documents referenced in paragraph 205 for a complete and accurate statement of their contents.

206.    Defendants deny the allegations in paragraph 206, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

207.    Defendants deny the allegations in paragraph 207, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

208.    Defendants deny the allegations in paragraph 208, except respectfully refer the Court to the documents referenced therein and in footnotes 2345 through 2348 of the PSI Report for a complete and accurate statement of their contents.

209.    Defendants deny the allegations in paragraph 209, except admit and aver that certain investors purchased certain securities issued by the Anderson CDO, and respectfully refer the Court to the transaction confirmations and to the document referenced in footnote 2349 of the PSI Report for a complete and accurate statement of their contents.

210.    Defendants deny the allegations in paragraph 210, except admit and aver that Goldman Sachs earned certain fees in connection with the Anderson CDO and incurred a loss on the Anderson CDO.

211.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 211, except respectfully refer the Court to publicly available records of the credit ratings assigned to the Anderson securities.

212.    Defendants deny the allegations in paragraph 212.

213.    Defendants deny the allegations in paragraph 213, except admit and aver that Timberwolf closed in or around March 2007, and respectfully refer the Court to the Timberwolf Offering Circular and the Goldman Sachs Mortgage Capital Committee Memorandum, dated October 30, 2006, concerning Timberwolf (the "Timberwolf MCC Memorandum") for a description of the transaction.

214.    Defendants deny the allegations in paragraph 214, except respectfully refer the

Court to the documents referenced in footnotes 2363 and 2365 of the PSI Report for a complete and accurate description of their contents, and to the Timberwolf Offering Circular and the Timberwolf MCC Memorandum for a description of the transaction.

215.    Defendants deny the allegations in paragraph 215, except respectfully refer the Court to the documents referenced in footnotes 2366 and 2367 of the PSI Report for a complete and accurate description of their contents, and to the Timberwolf Offering Circular and the Timberwolf MCC Memorandum for a description of the transaction.

216.    Defendants deny the allegations in paragraph 216, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

217.    Defendants deny the allegations in paragraph 217, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

218.    Defendants deny the allegations in paragraph 218, except respectfully refer the Court to the document referenced in footnote 2370 of the PSI Report for a complete and accurate statement of its contents.

219.    Defendants deny the allegations in paragraph 219, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

220.    Defendants deny the allegations in paragraph 220, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

221.    Defendants deny the allegations in paragraph 221, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

222.    Defendants deny the allegations in paragraph 222, except admit and aver that

Timberwolf closed on or around March 27, 2007, and respectfully refer the Court to the Timberwolf Offering Circular for a description of the transaction.

223.    Defendants deny the allegations in paragraph 223, except respectfully refer the Court to the document quoted therein for a complete and accurate statement of its contents.

224.    Defendants deny the allegations in paragraph 224, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

225.    Defendants deny that allegations in paragraph 225, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

226.    Defendants deny the allegations in paragraph 226, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

227.    Defendants deny the allegations in paragraph 227, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

228.    Defendants deny the allegations in paragraph 228, except respectfully refer the Court to the documents referenced in footnotes 2383 and 2384 of the PSI Report for a complete and accurate statement of their contents.

229.    Defendants deny the allegations in paragraph 229, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

230.    Defendants deny the allegations in paragraph 230, except respectfully refer the

Court to the document referenced therein for a complete and accurate statement of its contents, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning clients' positions and economics.

231.    Defendants deny the allegations in paragraph 231, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

232.    Defendants deny the allegations in paragraph 232, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

233.    Defendants deny the allegations in paragraph 233, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

234.    Defendants deny the allegations in paragraph 234, except respectfully refer the Court to the document referenced therein and in footnotes 2397 through 2399 of the PSI Report for a complete and accurate statement of their contents.

235.    Defendants deny the allegations in paragraph 235.

236.    Defendants deny the allegations in paragraph 236, except respectfully refer to the documents referenced in footnotes 2403, 2405 and 2406 of the PSI Report for a complete and accurate statement of their contents.

237.    Defendants deny the allegations in paragraph 237, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

238.    Defendants deny the allegations in paragraph 238, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

239.    Defendants deny the allegations in paragraph 239, except respectfully refer the

Court to the documents referenced in footnotes 2413 through 2416 of the PSI Report for a complete and accurate statement of their contents.

240.    Defendants deny the allegations in paragraph 240, except respectfully refer the Court to the documents referenced therein and in footnotes 2417 through 2421 of the PSI Report for a complete and accurate statement of their contents.

241.    Defendants deny the allegations in paragraph 241, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

242.    Defendants deny the allegations in paragraph 242, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

243.    Defendants deny the allegations in paragraph 243, except respectfully refer the Court to the documents referenced therein, the transaction confirmation for the transaction referenced therein, and the documents referenced in footnotes 2429 and 2430 of the PSI Report for a complete and accurate statement of their contents.

244.    Defendants deny the allegations in paragraph 244, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Basis Capital's liquidation, and respectfully refer the Court to the documents referenced in paragraph 244 and in footnotes 2433 through 2438 of the PSI Report for a complete and accurate statement of their contents.

245.    Defendants deny the allegations in paragraph 245, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

246.     Defendants deny the allegations in paragraph 246, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of their contents.

247.     Defendants deny the allegations in paragraph 247, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

248.     Defendants deny the allegations in paragraph 248, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

249.     Defendants deny the allegations in paragraph 249, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

250.     Defendants deny the allegations in paragraph 250, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

251.     Defendants deny the allegations in paragraph 251, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

252.     Defendants deny the allegations in paragraph 252, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

253.     Defendants deny the allegations in paragraph 253, except admit and aver that certain investors purchased Timberwolf securities and respectfully refer the Court to the transaction confirmations for a complete and accurate statement of their contents.

254.     Defendants deny the allegations in paragraph 254, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

255.     Defendants deny the allegations in paragraph 255, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

256.     Defendants deny the allegations in paragraph 256, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

257.     Defendants deny the allegations in paragraph 257, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

258.     Defendants deny the allegations in paragraph 258, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

259.     Defendants deny the allegations in paragraph 259, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

260.     Defendants deny the allegations in paragraph 260, except respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

261.     Defendants deny the allegations in paragraph 261, except respectfully refer the Court to the document referenced in paragraph 261 for a complete and accurate statement of its contents.

262.     Defendants deny the allegations in paragraph 262.

263.     Defendants deny the allegations in paragraph 263, except respectfully refer the

Court to publicly available records of the credit ratings assigned to the Timberwolf securities.

264.     Defendants deny the allegations in paragraph 264.

265.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265, except admit and aver that Basis Capital reportedly has filed for bankruptcy, and that Basis Capital has brought civil actions against GS Group.  *See Basis Yield Alpha Fund (Master)* v. *Goldman Sachs Grp., Inc.*, 798 F. Supp. 2d 533 (S.D.N.Y. 2011) (granting Goldman Sachs' motion to dismiss); *Basis Yield Alpha Fund (Master)* v. *Goldman Sachs Grp., Inc.*, No. 652996/2011 (N.Y. Sup. Ct. N.Y. Cnty.).

266.     Defendants deny the allegations in paragraph 266, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

267.     Defendants deny the allegations in paragraph 267.

268.     Defendants deny the allegations in paragraph 268, except respectfully refer the Court to the PSI Report for a complete and accurate statement of its contents.

269.     Defendants deny the allegations in paragraph 269, except respectfully refer the Court to the statement referenced therein for a complete and accurate description of its contents.

270.     Defendants deny the allegations in paragraph 270.

271.     Defendants deny the allegations in paragraph 271, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

272.     Defendants deny the allegations in paragraph 272, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

273.     Defendants deny the allegations in paragraph 273, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

274.     Defendants deny the allegations in paragraph 274, except respectfully refer the

Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

275.     Defendants deny the allegations in paragraph 275, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

276.     Defendants deny the allegations in paragraph 276 and respectfully refer the Court to their responses to the allegations in paragraphs 148 through 270.

277.     Defendants deny the allegations in paragraph 277, except respectfully refer the Court to the report referenced therein for a complete and accurate statement of its contents.

278.     Defendants deny the allegations in paragraph 278 and respectfully refer the Court to their responses to the allegations in paragraphs 148 through 276.

279.     Defendants deny the allegations in paragraph 279, except respectfully refer the Court to the transcript of the conference call referenced therein for a complete and accurate statement of its contents and to Defendants' responses to the allegations in paragraphs 148 through 278.

280.     Defendants deny the allegations in paragraph 280, except respectfully refer the Court to the transcript of the conference call referenced therein for a complete and accurate statement of its contents and to Defendants' responses to the allegations in paragraphs 148 through 279.

281.     Defendants deny the allegations in paragraph 281, except respectfully refer the Court to the statement referenced therein for a complete and accurate description of its contents and to Defendants' responses to the allegations in paragraphs 148 through 280.

282.     Defendants deny the allegations in paragraph 282, except respectfully refer the Court to the transcript of the conference call referenced therein for a complete and accurate statement of its contents and to Defendants' responses to the allegations in paragraphs 148

through 281.

283.    Defendants deny the allegations in paragraph 283, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

284.    Defendants deny the allegations in paragraph 284, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

285.    Defendants deny the allegations in paragraph 285, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

286.    Defendants deny the allegations in paragraph 286, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

287.    Defendants deny the allegations in paragraph 287, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

288.    Defendants deny the allegations in paragraph 288 and respectfully refer the Court to their responses to the allegations in paragraphs 148 through 282.

289.    Defendants deny the allegations in paragraph 289, except respectfully refer the Court to the report referenced therein for a complete and accurate statement of its contents.

290.    Defendants deny the allegations in paragraph 290 and respectfully refer the Court to their responses to the allegations in paragraphs 148 through 288.

291.    Defendants deny the allegations in paragraph 291, except respectfully refer the Court to the transcript of the conference call referenced therein for a complete and accurate statement of its contents.

292.    Defendants deny the allegations in paragraph 292, except respectfully refer the Court to the transcript of the conference call referenced therein for a complete and accurate statement of its contents and to Defendants' responses to the allegations in paragraphs 148

through 291.

293.     Defendants deny the allegations in paragraph 293, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

294.     Defendants deny the allegations in paragraph 294, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

295.     Defendants deny the allegations in paragraph 295, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

296.     Defendants deny the allegations in paragraph 296, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

297.     Defendants deny the allegations in paragraph 297, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

298.     Defendants deny the allegations in paragraph 298.

299.     Defendants deny the allegations in paragraph 299, except respectfully refer the Court to the report referenced therein for a complete and accurate statement of its contents.

300.     Defendants deny the allegations in paragraph 300 and respectfully refer the Court to their responses to the allegations in paragraphs 148 through 298.

301.     Defendants deny the allegations in paragraph 301, except respectfully refer the Court to the transcript of the conference call referenced therein for a complete and accurate statement of its contents and to Defendants' responses to the allegations in paragraphs 148 through 300.

302.     Defendants deny the allegations in paragraph 302, except respectfully refer the Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

303.     Defendants deny the allegations in paragraph 303, except respectfully refer the

Court to the SEC filing referenced therein for a complete and accurate statement of its contents.

304.     Defendants deny the allegations in paragraph 304 and respectfully refer the Court to their responses to the allegations in paragraphs 148 through 301.

305.     Defendants deny the allegations in paragraph 305, except respectfully refer the Court to the report referenced therein for a complete and accurate statement of its contents.

306.     Defendants deny the allegations in paragraph 306 and respectfully refer the Court to their responses to the allegations in paragraphs 148 through 304.

307.     Defendants aver that, to the extent paragraph 307 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 307 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 307, except admit and aver that Goldman Sachs and Fabrice Tourre were named as defendants in the SEC Action, and respectfully refer the Court to the pleadings in that action for a complete and accurate statement of their contents.

308.     Defendants aver that, to the extent paragraph 308 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 308 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 308.

309.     Defendants aver that, to the extent paragraph 309 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 309 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 309.

310.    Defendants aver that, to the extent paragraph 310 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 310 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 310.

311.    Defendants aver that no response to the allegations in paragraph 311 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 311, except respectfully refer the Court to the transcript of the conference call referenced therein for a complete and accurate statement of its contents and to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.

312.    Defendants aver that, to the extent paragraph 312 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 312 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 312.

313.    Defendants aver that, to the extent paragraph 313 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 313 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 313, except respectfully refer the Court to the article referenced therein for a complete

and accurate statement of its contents.

314.    Defendants aver that, to the extent paragraph 314 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 314 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314, except respectfully refer the Court to the reports referenced therein for a complete and accurate statement of their contents.

315.    Defendants aver that, to the extent paragraph 315 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 315 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 315, except respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

316.    Defendants aver that, to the extent paragraph 316 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 316 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 316, except admit and aver that, on or around April 26, 2010, the PSI publicly released certain documents that Goldman Sachs had produced to the PSI, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

317.    Defendants deny the allegations in paragraph 317.

318.    Defendants deny the allegations in paragraph 318, except respectfully refer the

Court to the article and testimony referenced in paragraph 318 for a complete and accurate statement of their contents.

319.    Defendants deny the allegations in paragraph 319.

320.    Defendants deny the allegations in paragraph 320.

321.    Defendants deny the allegations in paragraph 321, except respectfully refer the Court to the press release referenced in paragraph 321 for a complete and accurate statement of its contents.

322.    Defendants deny the allegations in paragraph 322, except respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

323.    Defendants aver that, to the extent paragraph 323 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 323 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 323, except respectfully refer the Court to the articles referenced therein for a complete and accurate statement of their contents.

324.    Defendants aver that, to the extent paragraph 324 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 324 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 324.

325.    Defendants aver that, to the extent paragraph 325 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 325 is required pursuant to the Order dismissing Plaintiffs' claims with respect to

those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 325.

326.    Defendants aver that no response to the allegations in paragraph 326 is required pursuant to the Order dismissing Plaintiffs' claims with respect to Plaintiffs' allegations concerning the Wells Notices.  To the extent a response is required, Defendants deny the allegations in paragraph 326.

327.    Defendants deny the allegations in paragraph 327, except respectfully refer the Court to the SEC filings referenced therein for a  complete and accurate statement of their contents.

328.    Defendants deny the allegations in paragraph 328.

329.    Defendants deny the allegations in paragraph 329.

330.    Defendants deny the allegations in paragraph 330.

331.    Defendants aver that, to the extent paragraph 331 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 331 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 331, except admit and aver that Goldman Sachs and Fabrice Tourre were named as defendants in the SEC Action, and respectfully refer the Court to the pleadings in that action for a complete and accurate statement of their contents.

332.    Defendants aver that, to the extent paragraph 332 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 332 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in

paragraph 332.

333.    Defendants deny the allegations in paragraph 333, except admit and aver that, on or around April 26, 2010, the PSI publicly released certain documents that Goldman Sachs had produced to the PSI, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

334.    Defendants deny the allegations in paragraph 334, except respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

335.    Defendants deny the allegations in paragraph 335, except respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

336.    Defendants aver that paragraph 336 purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants (a) admit and aver that GS Group's stock is traded on the New York Stock Exchange ("NYSE"), that GS Group files periodic reports with the SEC and the NYSE, and that GS Group communicates with its investors, and (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 336 (iv) and (v).

337.    Defendants aver that paragraph 337 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 337.

338.    Defendants repeat and reassert their responses to the allegations in paragraphs 1 through 337 of the Complaint as if fully set forth herein.

339.    Defendants aver that, to the extent paragraph 339 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 339 is required pursuant to the Order dismissing Plaintiffs' claims with respect to

those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 339.

340.    Defendants aver that, to the extent paragraph 340 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 340 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 340.

341.    Defendants aver that, to the extent paragraph 341 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 341 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 341.

342.    Defendants repeat and reassert their responses to the allegations in paragraphs 1 through 341 of the Complaint as if fully set forth herein.

343.    Defendants aver that, to the extent paragraph 343 relates to Plaintiffs' claims regarding alleged misstatements and omissions concerning the Wells Notices, no response to paragraph 343 is required pursuant to the Order dismissing Plaintiffs' claims with respect to those allegations.  Defendants further aver that paragraph 343 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 343.

344.    Defendants deny the allegations under the heading "Prayer for Relief," except admit and aver that Plaintiffs purport to seek relief as described therein.

345.    Defendants deny the allegations under the heading "Jury Demand," except admit

and aver that Plaintiffs purport to demand a jury trial as described therein.

## DEFENSES

Defendants assert the following defenses without assuming the burden of proof or any other burden if such burden would otherwise be on Plaintiffs:

### FIRST DEFENSE

By its Opinion and Order dated June 21, 2012, the Court dismissed Plaintiffs' claims with respect to Defendants' alleged failure to disclose the Wells Notices.

### SECOND DEFENSE

The Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

### THIRD DEFENSE

The Complaint fails to allege fraud with the requisite particularity.

### FOURTH DEFENSE

Plaintiffs and any putative class members are not entitled to any recovery because the SEC filings, press releases, reports and other public statements at issue did not contain any false or misleading statements of material fact or omissions of material fact.

### FIFTH DEFENSE

Plaintiffs and any putative class members are not entitled to any recovery because the allegedly false or misleading statements at issue were not material to the investment decisions of a reasonable investor.

### SIXTH DEFENSE

Plaintiffs and any putative class members are not entitled to any recovery because Defendants neither owed nor breached any duty to Plaintiffs or the putative class members to disclose information allegedly omitted from the statements at issue herein.

## SEVENTH DEFENSE

Plaintiffs and any putative class members are not entitled to any recovery because the offering documents for the CDO transactions at issue did not contain any false or misleading statements of material fact or omissions of material fact.

## EIGHTH DEFENSE

Plaintiffs and any putative class members are not entitled to any recovery because Defendants acted at all times in good faith and neither knew nor were reckless in not knowing that any alleged statement or omission was false or misleading.

## NINTH DEFENSE

Plaintiffs and any putative class members are not entitled to any recovery because Defendants had reasonable grounds to believe and did believe that the statements at issue herein were true and that there was no omitted material fact necessary to make those statements not misleading.

## TENTH DEFENSE

Defendants are informed and believe, and on that basis assert, that Plaintiffs and any putative class members are not entitled to any recovery from Defendants because Plaintiffs and any putative class members did not reasonably rely on any alleged untrue or misleading statement of material fact when they purchased GS Group common stock, and the "fraud on the market" presumption of reliance is unavailable in this action.

## ELEVENTH DEFENSE

Defendants are informed and believe, and on that basis assert, that Plaintiffs and any putative class members are not entitled to any recovery from Defendants because Plaintiffs and any putative class members purchased shares of Defendants' stock with actual or constructive

knowledge of the risks involved, and thus assumed the risk that the value of their shares would decline if those risks materialized.

## TWELFTH DEFENSE

Defendants are informed and believe, and on that basis assert, that if and to the extent the statements at issue herein are found to have been false or misleading (which Defendants deny), the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to or entered the securities market through credible sources.  Defendants are further informed and believe, and on that basis assert, that Plaintiffs and any putative class members are not entitled to any recovery because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and the investing community.

## THIRTEENTH DEFENSE

Defendants are informed and believe, and on that basis assert, that that if and to the extent the statements at issue herein are found to have been false or misleading (which Defendants deny), Plaintiffs and any putative class members either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and any putative class members from the purchase or sale of GS Group common stock, and bars any recovery to the extent thereof.

## FOURTEENTH DEFENSE

Defendants are informed and believe, and on that basis assert, that any damages or injuries suffered by Plaintiffs or any putative class members were not legally caused by any act or omission by Defendants.

## FIFTEENTH DEFENSE

Defendants are informed and believe, and on that basis assert, that any damages or injuries suffered by Plaintiffs or any putative class members are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Defendants.

## SIXTEENTH DEFENSE

Plaintiffs and any putative class members, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the purported facts alleged in the Complaint.  Defendants are informed and believe, and on that basis assert, that Plaintiffs and any putative class members failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

## SEVENTEENTH DEFENSE

The putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

The purported claims against Defendants and the allegations upon which they are based are improperly vague, ambiguous and confusing.  Defendants reserve the right to request a more definite statement.

## NINETEENTH DEFENSE

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## PRAYER FOR RELIEF

Based upon the foregoing, Defendants pray that this Court deny any relief or request for judgment on behalf of Plaintiffs or the putative class members, and dismiss this Action against

Defendants in its entirety, with prejudice and without further leave to amend.  Defendants also pray for such other and further relief as may be appropriate or that the Court deems just and proper.

Dated: August 20, 2012

Respectfully submitted,

/s/ Richard H. Klapper

Richard H. Klapper *(klapperr@sullcrom.com)*
Theodore Edelman *(edelmant@sullcrom.com)*
David M.J. Rein *(reind@sullcrom.com)*
Benjamin R. Walker *(walkerb@sullcrom.com)*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel for Defendants The Goldman Sachs Group, Inc., Lloyd C. Blankfein, David A. Viniar and Gary D. Cohn*

**CERTIFICATE OF SERVICE**

   I hereby certify that, on August 20, 2012, a true and correct copy of the foregoing

document was filed via the Court's CM/ECF system, which will send notification of such filing

to all counsel of record.

                    Ann-Elizabeth Ostrager