```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-31-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------- x

In re GOLDMAN SACHS GROUP, INC.
SECURITIES LITIGATION

This Document Relates To:

ALL ACTIONS

----------------------------------- x

Master File No. 1:10-cv-03461-PAC

ECF Case

# [PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED:

Lead Plaintiffs and Defendants are bound by this Stipulated Protective Order (the "Order"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of governing disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI") and any other materials and information (collectively, "Discovery Material") produced or provided by any party or non-party in the above-referenced action ("Action").

1. A party, person or other entity that produces or discloses Discovery Material in connection with this Action shall be referred to herein as the "Disclosing Party."

2. A party, person or other entity that receives Discovery Material in connection with this Action shall be referred to herein as the "Receiving Party."

3. All Discovery Material produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeal therefrom) and for no other purpose.

4. Any Disclosing Party may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in

good faith believes constitutes and reveals confidential trade secrets, proprietary business information, or other confidential research, development, or commercial information or confidential personal information, including but not limited to, Social Security numbers, home telephone numbers and addresses, tax returns, medical information, credit information, banking information, documents or data that constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a, other sensitive personally identifiable information, other information for which applicable federal or state law requires confidential treatment, and/or "Nonparty Borrower Information."

5. For purposes of this Order, Nonparty Borrower Information shall mean any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809 and its implementing regulations, including, but not limited to, any portion of a mortgage loan file or other document that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work. As set forth in paragraph 27 below, this Order authorizes the disclosure of such Nonparty Borrower Information in the above-captioned Action.

6. Nothing in this Order shall be construed to provide less protection to confidential information designated by the parties than the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

7. Discovery Material designated "Confidential" shall be referred to herein as "Confidential Discovery Material." No designation of Confidential Discovery Material (other

than with respect to ESI) shall be effective unless there is placed on, or affixed to, the materials (in such manner as will not interfere with the legibility thereof) a "Confidential" notice or the equivalent, or, in the case of depositions, as set forth in paragraph 12 below. ESI designated as Confidential Discovery Material shall be so designated by including a "Confidential" notice in the body of the electronic document. Printed copies of any such ESI designated as Confidential Discovery Material shall be treated in accordance with the terms of this Order.

8. The designation of any Discovery Material as Confidential Discovery Material is not intended to, and shall not be construed as an admission that, the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible or reasonably calculated to lead to the discovery of admissible evidence.

9. This Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine, and is without prejudice to any other party's right to contest such a claim of privilege or protection ("Privileged Material").

10. The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection, and no party shall have waived any claims or arguments under the inadvertent production doctrine. If a Disclosing Party believes that Privileged Material was inadvertently produced, the Disclosing Party may notify any party that received the information of the claim and the basis for the material being privileged. After receipt of such notice, the Receiving Party to whom the Privileged Material was produced shall (i) promptly return,

sequester or destroy the original and any copies of the Privileged Material in its possession, custody or control; provided that that party may retain one copy of such Privileged Material for purposes of objecting to the designation of that material as privileged or protected; (ii) not use or disclose the information until the claim is resolved; and (iii) take reasonable steps to retrieve the information if the party disclosed it before receiving the notice of inadvertent production described in this paragraph 10. The Receiving Party to whom the Privileged Material was produced also may notify the Disclosing Party in writing whether it objects to the designation of such Discovery Material as privileged or protected. Within five (5) business days of the receipt of such an objection, the Receiving Party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the Receiving Party may promptly present the information to the Court under seal for a determination of the Disclosing Party's claim of privilege or protection. While any such application is pending, the Privileged Material subject to that application will be treated as privileged. If the Court determines that such material is privileged or protected, the Receiving Party shall immediately return or destroy the originals and any copies of such inadvertently disclosed Privileged Material that remain in its possession, custody or control. If the Receiving Party does not apply to the Court for a ruling on the designation of the Privileged Material at issue as privileged or protected within fifteen (15) calendar days from the receipt of the Disclosing Party's notification (regardless of whether parties met and conferred on the subject), the Privileged Material in question shall be deemed privileged or protected, in which case the Receiving Party shall immediately return or destroy the originals and any copies of such inadvertently disclosed Privileged Material that remain in its possession, custody or control. In the event of any challenge to the designation of the material as

privileged or protected, the Disclosing Party shall have the burden of showing that the Discovery Material at issue is privileged or subject to work product protection. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any Discovery Material as privileged or protected, or from preventing any party from seeking further protection for any material it produces in discovery.

11. If a Disclosing Party inadvertently discloses Confidential Discovery Material without designating it as such, the Disclosing Party shall inform the Receiving Party of such inadvertent disclosure in writing within fifteen (15) business days of its discovery. The Receiving Party shall thereafter treat the information as Confidential Discovery Material; *provided, however,* that the foregoing provision shall not apply to any documents that had already otherwise become publicly available. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure. The failure to advise the Receiving Party of such inadvertent disclosure within fifteen (15) business days after discovery shall not constitute a waiver of any confidentiality designation or an admission by the Disclosing Party that such information is not confidential.

12. A Disclosing Party may, on the record of a deposition, or within thirty (30) calendar days after receipt of the transcript of such deposition, designate any portion or portions of the deposition (by transcript page and line number) as Confidential Discovery Material under the terms of this Order. Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Disclosing Party. All copies of deposition transcripts that contain material designated as

Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof. If, after the completion of such a deposition, the Disclosing Party designates the transcript of a deposition, or any portion of the transcript of a deposition, the Disclosing Party shall bear all costs associated with the creation of such an amended transcript, or portion of a transcript, in order to mark it as "Confidential." Objections to the designation of Confidential Discovery Material under this paragraph 12 shall be governed by the procedure set forth in paragraph 18 below.

    13. Except as otherwise specifically provided in this Order, absent the prior express written consent of the Disclosing Party, Confidential Discovery Material shall not be disclosed, summarized or otherwise made available to anyone except the following persons:

  (a) the Court and court personnel, any appellate court in this Action and jurors;

  (b) the parties' in-house and outside counsel participating in the prosecution and defense of this action and their legal, clerical or support staff, including temporary or contract staff;

  (c) professional court reporters, stenographers or video operators transcribing depositions or testimony in this Action;

  (d) expert witnesses or consultants who are employed or retained by a party in connection with the prosecution or defense of this action; *provided, however,* that counsel, in good faith, requires their assistance in connection with this Action; and *further provided* that any part of a report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as

"Confidential," by the party responsible for its creation; and *further provided* that the expert witnesses or consultants may not use the Confidential Discovery Material to their competitive advantage or for any purpose other than relating to this Action as provided in paragraph 3 above;

(e) deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony in this Action or the preparation thereof; *provided, however*, that a person identified solely in this subparagraph 13(e) shall not be permitted to retain copies of such Confidential Discovery Material;

(f) outside photocopying, data processing, graphic production services, litigation support services or investigators employed by the parties or their counsel to assist in this Action, and information technology personnel performing duties in relation to a computerized litigation system;

(g) any mediator or arbitrator engaged by the named parties to the Action;

(h) the insurers and reinsurers of the parties to these proceedings, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Action;

(i) a non-party (including without limitation a current or former officer, director or employee of a party) who authored or previously received the Confidential Discovery Material; and

(j) the named parties and/or Court-appointed class representatives in this

Action, including officers, directors and employees of the named parties.

14. The terms "counsel," "expert" and "investigator" include their staff who are involved with, and reasonably necessary to assist such counsel, expert or investigator in, the preparation of this litigation.

15. All persons to whom Confidential Discovery Material is disclosed pursuant to subparagraphs 13(b)-(j) above shall, prior to disclosure, be advised of the contents of this Order. All persons to whom Confidential Discovery Material is disclosed solely pursuant to subparagraph 13(d) above shall be required to execute a certification, in the form attached as Exhibit A, evidencing their agreement to the terms of the Order.

16. If, at any time, any Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall promptly give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request. The person to whom the subpoena or request is directed also shall make all reasonable good faith efforts to provide to the Disclosing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Discovery Material, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request. In no event shall such Discovery Material subject to this Order be produced by a person receiving a subpoena or request without providing the Disclosing Party an opportunity to quash, limit or object, absent a Court order to do so or as otherwise required by law.

17. A party may designate any document or information that contains

-8-

Confidential Discovery Material produced by another Disclosing Party, provided that such document or information contains the designating party's own Confidential information. Any such designation of a document shall be made within ninety (90) calendar days of the date of its production to the designating party, unless good cause is shown for a later designation. Such designations shall be accomplished by providing written notice to all parties identifying (by production number, transcript line and page number, or other individually identifiable information) the document, testimony, or other information so designated.

18.   No party shall be obligated to challenge the propriety of a designation of Discovery Material as Confidential Discovery Material when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Material as Confidential Discovery Material under this Order, the objecting party shall notify the Disclosing Party in writing of that objection. Within five (5) business days of the receipt of such notification, respective counsel for the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Material as Confidential Discovery Material. If, for whatever reason, the parties do not resolve their disagreement within that time period, the objecting party may apply to the Court within fifteen (15) business days from the date of notification to the Disclosing Party for a ruling on the Disclosing Party's designation of the Discovery Material as Confidential Discovery Material. The Disclosing Party shall have the burden of showing that the document or information is Confidential Discovery Material. While any such application is pending, the documents or materials subject to that application will remain Confidential Discovery Material. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents, testimony or other information as

Confidential Discovery Material or preventing any party from seeking further protection for any material it produces in discovery.

19.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery by the Receiving Party and/or counsel of record of the disclosure, (a) notify in writing the Disclosing Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Undertaking Regarding Protective Order" (Exhibit A). The Parties agree that, in the event of any unauthorized disclosure of Confidential Information by a Receiving Party, the Disclosing Party shall be entitled to seek equitable relief, including specific performance, as a remedy for the unauthorized disclosure.

20.  In the event that counsel for any party or non-party determines to file in, or submit to, this Court any Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing such Confidential Discovery Material shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the relevant action and which shall clearly bear the stamp "Confidential," in accordance with the relevant rules and procedures of the Court. All materials filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential Discovery Material and need not be preserved under seal. Redacted pages shall be filed in the public record.

21. After the termination of the Action (including all appeals relating to the Action have been exhausted or the time to appeal has expired), this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

22. Within sixty (60) calendar days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the parties shall take commercially reasonable efforts to ensure that all Confidential Discovery Material shall be returned or destroyed and the Disclosing Party shall be provided with a certification stating that the Disclosing Party's documents have been destroyed.  As to those materials containing Confidential Discovery Material that constitute counsel's work product that were served in the Action, filed with the Court and/or marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Order with respect to such retained material.

23. Each party shall have the responsibility, through counsel, to advise the Disclosing Party promptly of any losses or compromises of the confidentiality of Discovery Material governed by this Order.  It shall be the responsibility of the party that lost or compromised the Confidential Discovery Material of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

24. Nothing in this Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information that have been designated as Confidential Discovery Material pursuant to this Order.

25. In addition, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any documents, information or material that:

   (a) was, is or becomes public knowledge, not in breach of this Order; or

   (b) is acquired by a party from a non-party having the right to disclose such information or material or is learned by a party as a result of that party's own independent efforts, investigation or inquiry.

   26.   A non-party from whom discovery is sought by the parties to this Action may designate Discovery Material as Confidential Discovery Material consistent with the terms of this Order. Under such circumstances, Discovery Material designated Confidential Discovery Material by a non-party is assigned the same protection as Discovery Material so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Order shall apply to a non-party designating Discovery Material as Confidential Discovery Material. All obligations applicable under this Order to parties receiving Confidential Discovery Material shall apply to any party receiving Confidential Discovery Material from such non-party.

   27.   To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (hereinafter, "Nonparty Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Disclosing Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Disclosing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior

to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, Disclosing Parties are explicitly prohibited from providing such notice; provided, however, that this Order shall not prohibit any Disclosing Party from contacting any person or entity for any other purpose. Any Disclosing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Nonparty Borrower Information Law.

28. In the event that additional persons become parties to this Action, such parties may join this Order by agreeing in writing to be bound by its terms and conditions and upon the unanimous written consent of the parties to this Order. In such event, the additional parties shall have access to Confidential Discovery Material produced by, or obtained from, any Disclosing Party pursuant to this Order.

29. This Order shall not be construed to affect or limit in any way the admissibility or use of any document, testimony or other evidence, whether it is designated as Confidential Discovery Material at trial, in briefing or on a hearing concerning any dispositive motion (such as a summary judgment motion or other hearing of this Action), or to prejudice or limit in any way the rights of any party to object to the authenticity, admissibility into evidence or use of any document, testimony or other evidence at trial or a hearing; *provided, however*, that nothing in this paragraph shall change or otherwise alter the parties' rights with respect to documents filed under seal, as outlined in paragraph 20 above.

30. This Order shall not prevent any party from applying to the Court for

further or additional protective orders, for the modification of this Order, or from agreeing with the other parties, subject to approval of the Court, to modify this Order.

31. This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

STIPULATED AND AGREED TO BY:

*/s/ Thomas A. Dubbs*

Thomas A. Dubbs (tdubbs@labaton.com)
James W. Johnson (jjohnson@labaton.com)
Louis Gottlieb (lgottlieb@labaton.com)
LABATON SUCHAROW LLP
140 Broadway, 34th Floor
New York, New York 10005-1108
Tel: (212) 907-0700
Fax: (212) 818-0477

Spencer A. Burkholz (spenceb@rgrdlaw.com)
Jonah H. Goldstein (jonahg@rgrdlaw.com)
Robert R. Henssler, Jr. (bhenssler@rgrdlaw.com)
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101-8498

Samuel H. Rudman (srudman@rgrdlaw.com)
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, New York 11747-2344

*Co-Counsel for Lead Plaintiffs the Arkansas Teacher Retirement System, the West Virginia Investment Management Board, and Plumbers and Pipefitters National Pension Fund*

*/s/ Richard H. Klapper*

Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
David M.J. Rein (reind@sullcrom.com)
Benjamin R. Walker (walkerb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendants The Goldman Sachs Group, Inc., Lloyd Blankfein, David A. Viniar and Gary D. Cohn*

New York, NY
August 31, 2012

So Ordered
/s/ Paul Crotty
USDJ

-14-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————— x
                                            :
In re GOLDMAN SACHS GROUP, INC.             :
SECURITIES LITIGATION                       :   Master File No. 1:10-cv-03461-PAC
                                            :
This Document Relates To:                   :   ECF Case
                                            :
   ALL ACTIONS                              :
                                            :
                                            :
————————————————————— x

## EXHIBIT A

## UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____, declare that:

   1.   I have received a copy of the Stipulated Protective Order, entered on _____,

2012 (the "Order") in the action entitled *In re Goldman, Sachs Group, Inc. Securities Litigation*,

No. 10-cv-03461-PAC (S.D.N.Y.), and I have read and understand its provisions.

   2.   I will comply with all of the provisions of the Order. I will hold in confidence,

will not disclose to anyone other than those persons specifically authorized by the Order and will

not use for purposes other than for this Action any information designated Confidential

Discovery Material that I receive in this Action, except as otherwise permitted under the terms of

the Order.

Dated: _____          _____
                                              (Signature)