UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re GOLDMAN SACHS GROUP, INC. SECURITIES LITIGATION | Master File No. 1:10-cv-03461-PAC |
|  | <u>CLASS ACTION</u> |
| This Document Relates To: | "ECF Case" |
| ALL ACTIONS. | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ISSUANCE OF LETTER OF REQUEST |

937793_1

I.   **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 4(f) and 28(b), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (the "Hague Convention"), court-appointed Lead Plaintiffs, Arkansas Teacher Retirement System, the West Virginia Investment Management Board, and Plumbers and Pipefitters National Pension Fund (collectively, "Plaintiffs") respectfully request the Court issue a Letter of Request to the Australian Attorney-General's Department as the Central Authority of Australia and to the Supreme Court of New South Wales, for the purpose of obtaining trial testimony from non-party George Maltezos (the "Request"). *See also* 28 U.S.C. §1781. Likewise, Part 4 of the Evidence on Commission Act of 1995 (NSW), which enacts the Hague Convention as the domestic law of New South Wales (the Australian state in which Mr. Maltezos resides), allows for the taking of evidence in New South Wales for use in foreign court proceedings pursuant to a request issued by the foreign court exercising jurisdiction over the matter.

Plaintiffs believe that, given his role as a former salesperson for the Goldman-issued collateralized debt obligations ("CDOs") at issue in this case, Mr. Maltezos possesses unique, personal knowledge about certain facts that Plaintiffs would seek to introduce at trial. Because Mr. Maltezos is a foreign citizen residing in Australia, he cannot be compelled to testify at trial in the United States. Therefore, the issuance of the Request under the procedures of the Hague Convention and Part 4 of the Evidence on Commission Act of 1995 (NSW) is the only feasible means for Plaintiffs to obtain this evidence for trial. The Request must be issued by a court in the country of origin (here, the United States District Court for the Southern District of New York). Defendants have stated that, subject to the conditions set out in the April 11, 2014 Letter from Richard H. Klapper to the Court ("April 11 Letter"), Defendants do not oppose the relief requested in this

- 1 -

937793_1

Motion.[1] The Request complies with the procedures of the Hague Convention and is attached as Ex. 1 to the Declaration of Brian E. Cochran in Support of Plaintiffs' Unopposed Motion for Issuance of Letter of Request ("Cochran Decl.").

## II.   ARGUMENT

### A.   A Letter of Request Is the Proper Method for Obtaining Testimony from Mr. Maltezos as a Witness Located in Australia and New South Wales

The issuance of a Letter of Request seeking foreign judicial assistance in collecting evidence is authorized under the Hague Convention. *See* Hague Convention, ch. 1, art. 1. The United States and Australia have signed this international treaty and are bound by its provisions as "Contracting States." *Id. See also* 28 U.S.C. §1781; *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 532-33 (1987). The Hague Convention is recognized as part of the supreme law of the United States. U.S. Const. art. VI, §2; *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 35-36 (S.D.N.Y. 1984) ("[The Hague Convention is] entitled to be recognized as the 'supreme law of the land.'").

The Hague Convention's purpose is to facilitate and increase the exchange of information between nations. *See Societe Nationale*, 482 U.S. at 534; *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 U.S. Dist. LEXIS 45401, at *9-*10 (S.D.N.Y. Mar. 31, 2014). The preamble to the Hague Convention states its purpose is to "improve mutual judicial cooperation in civil or

---

[1]   Defendants have requested that we include the following footnote: As more fully set forth in their April 11 Letter, Defendants disagree with the factual assertions set forth in this Motion and in the Letter of Request and expressly note that their position of not opposing this Motion should not be construed as agreement with or admission of any allegation made by Plaintiffs in the Motion or Letter of Request. Moreover, Defendants' position of not opposing the requested relief is premised on the conditions set forth in the April 11 Letter, including that Defendants expressly reserve their rights to object in the future, in this Action or any other proceeding in Australia or elsewhere, to the extent that Plaintiffs seek to obtain testimony in a manner that is not permitted by Australian law.

937793_1

commercial matters" and to "facilitate the transmission and execution of Letters of Request." *See also Societe Nationale*, 482 U.S. at 534.

The Hague Convention allows courts in one Contracting State to request another Contracting State to "obtain evidence, or to perform some other judicial act" by a Letter of Request. Hague Convention, ch. I, art. 1. In general, each Contracting State designates a "Central Authority" to receive requests from courts of other member countries. *Id.* at art. 2. Australia has designated the Secretary of the Attorney-General's Department of the Commonwealth of Australia as its "Central Authority." Likewise, Part 4 of the Evidence on Commission Act of 1995 (NSW) states that requests for the taking of evidence in foreign courts may be issued to the Supreme Court of New South Wales (the state in which Mr. Maltezos resides). Cochran Decl., Ex. 2. Accordingly, the issuance of the Request is the proper method for obtaining trial testimony from Mr. Maltezos as a resident of Australia and New South Wales.

B. **Plaintiffs Anticipate Introducing the Testimony Sought from Mr. Maltezos at Trial**

Mr. Maltezos's sales and marketing activities are specifically referenced in Plaintiffs' Consolidated Complaint. *See* ¶¶237-244. At trial, Plaintiffs anticipate introducing the testimony of Mr. Maltezos, a former salesperson who sold certain of the CDOs at issue in this case.

The April 2011 report of the Senate Permanent Subcommittee on Investigations ("Senate Report") detailing Goldman's activities in the lead-up to the financial crisis and documents produced by Defendants reveal that Mr. Maltezos was a salesperson for the CDOs at issue in this case, in particular Timberwolf I ("Timberwolf") and Hudson Mezzanine Funding 2006-1 ("Hudson"), during the relevant time period.[2]

---

[2] Defendants dispute the views expressed in the Senate Report concerning Goldman Sachs.

937793_1

The Senate Report alleges that in selling Timberwolf Mr. Maltezos aggressively targeted clients such as Basis Capital Management ("Basis"), an Australian hedge fund that Mr. Maltezos once described as a "white elephant, flying pig and unicorn all at once." Senate Report at 499. Documents show that Mr. Maltezos repeatedly urged Basis to invest in Timberwolf, at one point stating in an email to Basis that Timberwolf would "help create something where the return on invested capital for Basis is over 60%," despite Goldman's internal marks showing Timberwolf securities were fast losing value. *Id.* at 549. The Senate Report concludes that, ultimately, and as a result of Mr. Maltezos's efforts, Basis invested $100 million in Timberwolf only to see this investment vanish soon thereafter as Timberwolf quickly collapsed in value, forcing Basis's primary hedge fund into liquidation. *Id.* at 550-552.

Mr. Maltezos also participated substantially in the sale and marketing of Hudson, a $2 billion synthetic CDO that Goldman created in late 2006 in order to unload toxic mortgage-related assets off of its books and on to the books of its clients. For example, according to the Senate Report, Mr. Maltezos was a salesperson responsible for Goldman's efforts to sell Hudson to Mariner Financial ("Mariner"), an Australian financial services group. *Id.* at 531 and footnote 2289. In early March 2007, less than three months after Hudson was issued, Mr. Maltezos was informed in an email from a Goldman trader that the "likelihood of getting principal back is almost zero" for Mariner and other Goldman clients that invested in the CDO. *Id.*

Plaintiffs believe that, based on his experiences as a former Goldman salesperson charged with selling pertinent Goldman-issued CDOs, Mr. Maltezos possesses personal knowledge directly relevant to matters at issue in this case, which Plaintiffs anticipate introducing at trial. *See* Cochran Decl., Ex. 1 at 5-7, 8-9.

## III. CONCLUSION

Mr. Maltezos possesses personal knowledge relevant to matters at issue in this case, and the issuance of the Request is the appropriate means for securing his trial testimony. For all of the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion and issue the Request, attached to the Cochran Decl. as Ex. 1.

DATED:  April 30, 2014                            Respectfully submitted,

| LABATON SUCHAROW LLP | ROBBINS GELLER RUDMAN |
| --- | --- |
| Thomas A. Dubbs | & DOWD LLP |
| James W. Johnson | Spencer A. Burkholz |
| Louis Gottlieb | Jonah H. Goldstein |
| Michael H. Rogers | Robert R. Henssler Jr. |
|  | Eric I. Niehaus |
|  | Brian E. Cochran |

            s/ James W. Johnson                                       s/ Robert R. Henssler Jr.
James W. Johnson                                              Robert R. Henssler Jr.

140 Broadway, 34th Floor                                   655 West Broadway, Suite 1900
New York, NY  10005                                          San Diego, CA  92101
Telephone:  212/907-0700                                  Telephone:  619/231-1058
212/818-0477 (fax)                                               619/231-7423 (fax)

                                                                            ROBBINS GELLER RUDMAN
                                                                              & DOWD LLP
                                                                            Samuel H. Rudman
                                                                            58 South Service Road, Suite 200
                                                                            Melville, NY  11747
                                                                            Telephone:  631/367-7100
                                                                            631/367-1173 (fax)

*Co-Lead Counsel for Lead Plaintiffs*

- 5 -

937793_1

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 30, 2014.

                                                s/ Robert R. Henssler Jr.
                                                ROBERT R. HENSSLER JR.

                                                ROBBINS GELLER RUDMAN
                                                      & DOWD LLP
                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101-8498
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)

                                                E-mail: bhenssler@rgrdlaw.com

937793_1

## Mailing Information for a Case 1:10-cv-03461-PAC

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Regina Marie Calcaterra**
  rcalcaterra@barrack.com

- **Mark W. Carbone**
  wvjustice@aol.com

- **Brian E Cochran**
  bcochran@rgrdlaw.com,karenc@rgrdlaw.com

- **Thomas A. Dubbs**
  tdubbs@labaton.com,lgottlieb@labaton.com,kschramm@labaton.com

- **Christopher James Dunne**
  dunnec@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Theodore Edelman**
  edelmant@sullcrom.com,holtzmanb@sullcrom.com,pierrej@sullcrom.com,Bellwarej@sullcrom.com,katzmand@sulllcrom.com,Trapsl@sullcrom.com,Rabinl@sullcrom

- **Kenneth A. Elan**
  elanfirm@yahoo.com

- **Kevin Dugald Galbraith**
  Kevin@zamansky.com,ecf@zamansky.com

- **Edward H. Glenn , Jr**
  eglenn@zamansky.com,ecf@zamansky.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com,karenc@rgrdlaw.com

- **Louis Gottlieb**
  lgottlieb@labaton.com,tdubbs@labaton.com,mpenrhyn@labaton.com,lmehringer@labaton.com,thoffman@labaton.com,electroniccasefiling@labaton.com

- **Sean M. Handler**
  shandler@ktmc.com,namjed@ktmc.com,bdegroot@ktmc.com,ecf_filings@ktmc.com

- **James Abram Harrod , III**
  jim.harrod@blbglaw.com

- **Robert R. Henssler , Jr**
  bhenssler@rgrdlaw.com

- **Fred Taylor Isquith**
  fisquith@lshllp.com

- **James W. Johnson**
  jjohnson@labaton.com,settlementquestions@labaton.com,jalexander@labaton.com,mpenrhyn@labaton.com,lmehringer@labaton.com

- **Christopher J. Keller**
  ckeller@labaton.com

- **Richard Howard Klapper**
  klapperr@sullcrom.com,glassbergj@sullcrom.com,josepht@sullcrom.com,Bellwarej@sullcrom.com,Trapsl@sullcrom.com,s&cmanagingclerk@sullcrom.com,Rabinl@

- **Christopher Lovell**
  clovell@lshllp.com,lshscanner@lshllp.com

- **Craig Anthony Martin**
  cmartin@labaton.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Stuart Notis**
  jnotis@gardylaw.com

- **David Maxwell Rein**
  reind@sullcrom.com,stevensonh@sullcrom.com,pierrej@sullcrom.com,katzmand@sullcrom.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Michael Howard Rogers**
  mrogers@labaton.com,lmehringer@labaton.com,electroniccasefiling@labaton.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Marian Rosner**
  mrosner@wolfpopper.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Gerald H. Silk**
  jerry@blbglaw.com,matthew.mahady@blbglaw.com,errol.hall@blbglaw.com,ross@blbglaw.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Victor E. Stewart**
  victornj@ix.netcom.com

- **Lawrence Alan Sucharow**
  lsucharow@labaton.com,electroniccasefiling@labaton.com

- **Benjamin Robert Walker**
  walkerb@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Jacob H. Zamansky**
  jake@zamansky.com,eglenn@zamansky.com,august@zamansky.com,ecf@zamansky.com,samuel@zamansky.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Charles          A. Germershausen
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632

Catherine        J. Kowalewski
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101

David            C. Walton
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West  Broadway
Suite  1900
San Diego, CA 92101
```