**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Robert R. Henssler, Jr.
bhenssler@rgrdlaw.com

May 13, 2014

Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Goldman Sachs Group, Inc. Sec. Litig.*, Master File No. 1:10-cv-03461-PAC

Dear Judge Crotty:

      Plaintiffs submit this response to Defendants' request for leave to file a motion for reconsideration ("Defs. Ltr.") of the Court's Opinion and Order dated June 21, 2012, denying in large part Defendants' motion to dismiss.[1] According to Defendants, their motion primarily would be based on *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 2014 U.S. App. LEXIS 8533, at *24-*25 (2d Cir. May 6, 2014) ("*UBS*"). However, *UBS* did not change the controlling law; the Second Circuit simply re-affirmed its well-established materiality standard as stated in *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187 (2d Cir. 2009) ("*ECA*") – the very same case this Court relied upon in sustaining the statements here. The Court should deny Defendants' request.

      "It is well-settled that [r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Panther Partners, Inc. v. Ikanos Communs., Inc.*, 2008 U.S. Dist. LEXIS 45907, at *2 (S.D.N.Y. June 12, 2008) (Crotty, J.) (citation omitted). Reconsideration generally will be denied "'unless the moving party can point to controlling decisions or data that the court overlooked.'" *Sampson v. Robinson*, 2008 U.S. Dist. LEXIS 90978, at *3 (S.D.N.Y. Oct. 31, 2008) (Crotty, J.). "A motion for reconsideration is not an opportunity to renew arguments that the court considered and rejected, nor is it a chance for a party to re-argue a motion because it is dissatisfied with the original outcome." *Panther Partners,* 2008 U.S. Dist. LEXIS 45907, at *3-*4. Defendants'

---

[1] Defendants alternatively request leave to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). But, any motion for judgment on the pleadings would be identical to their motion for reconsideration – and, thus, constitute a motion for reconsideration. *See Kmiec v. Powerwave Techs.*, 2014 U.S. Dist. LEXIS 17364, at *6 (C.D. Cal. Feb. 11, 2014) (defendants' motion under Rule 12(c) attacking elements "the Court expressly rejected" in an order denying a motion to dismiss is "therefore a motion for reconsideration").

**Robbins Geller Rudman & Dowd LLP**

Honorable Paul A. Crotty
May 13, 2014
Page 2

proposed motion would simply re-argue whether certain of their statements are material under *ECA*. But, the Court already considered and rejected that identical argument two years ago. *See Richman v. Goldman Sachs Grp., Inc.*, 868 F. Supp. 2d 261, 280 (S.D.N.Y. 2012). With no intervening change of controlling law during that two year period, reconsideration is both unnecessary and inappropriate.

***There Has Been No Intervening Change of Controlling Law***. Defendants correctly note that "[a]n intervening change of controlling law is considered sufficient justification for granting a motion for reconsideration." *Jovanovic v. Bonilla*, 2008 U.S. Dist. LEXIS 8974, at *4 (S.D.N.Y. Feb. 7, 2008) (Crotty, J.). Moreover, "[t]he party moving for reconsideration bears the burden of demonstrating an intervening change of controlling law." *In re Fannie Mae 2008 ERISA Litig.*, 2014 U.S. Dist. LEXIS 55682, at *19 (S.D.N.Y. Apr. 21, 2014) (Crotty, J.). Defendants cannot meet that burden. As this Court held just a few weeks ago, "*[r]econsideration is unwarranted*," if a Second Circuit decision "*merely applie[s] the existing standard to a new set of facts*." *Id*. at *20-*22 (emphasis added). *See also Giarrizzo v. Holder*, 2011 U.S. Dist. LEXIS 120739, at *11-*12 (N.D.N.Y Oct. 19, 2011) (Second Circuit decision that "reaffirms" a prior Circuit decision "does not represent a change in controlling law").

Defendants point primarily to *UBS* as the purported intervening change in controlling law, but, concede that *UBS* was a "reaffirmation" of *ECA*. *See* Defs. Ltr. at 3 (the "reaffirmation" of *ECA* in *UBS* "warrants reconsideration"). *UBS* simply reapplied, but did not otherwise change, the "well-established" materiality standard set forth in *ECA*. 2014 U.S. App. LEXIS 8533, at *24 (citing *ECA*, 553 F.3d at 206). Accordingly, reconsideration is unwarranted. *Fannie Mae*, 2014 U.S. Dist. LEXIS 55682, at *20.

***The Court Considered – and Rejected – Defendants' ECA-based Materiality Argument***. In their October 6, 2011 motion to dismiss brief, Defendants argued that the alleged statements constituted inactionable puffery and were immaterial under *ECA* as a matter of law. Dkt. No. 75 at 20. Plaintiffs demonstrated that Defendants' statements were distinguishable from those in *ECA* because Goldman misrepresented *existing* facts. Dkt. No. 77 at 17-20. This Court agreed:

> Goldman must not be allowed to pass off its repeated assertions that it complies with the letter and spirit of the law, values its reputation, and is able to address "potential" conflicts of interest as mere puffery or statements of opinion. Assuming the truth of Plaintiffs' allegations, they involve "misrepresentations of existing facts."

*Goldman Sachs Grp.*, 868 F. Supp. 2d at 279-80 (citations omitted).

This Court also expressly held that Goldman's statements were material under *ECA*:

Robbins Geller
Rudman & Dowd LLP

Honorable Paul A. Crotty
May 13, 2014
Page 3

> Defendants also argue that the above statements were not material. A complaint, however, "may not properly be dismissed . . . on the ground that the alleged misstatements or omissions are not material unless they are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." *ECA*, 553 F.3d at 197 (quoting *Ganino*, 228 F.3d at 162). Plaintiffs have sufficiently alleged that Goldman's misstatements in the Abacus, Hudson, Anderson, and Timberwolf I transactions were material.

*Id*. at 280.[2]

Finally, *UBS* supports rather than undermines the Court's finding that Goldman's statements are actionable. *UBS* held that the statements were immaterial because they were "explicitly aspirational, with qualifiers such as 'aims to,' 'wants to,' and 'should.'" 2014 U.S. App. LEXIS 8533, at *24. Unlike the *UBS* statements, Goldman's statements were not "explicitly aspirational," but, as this Court found, "involve misrepresentations of existing facts." *Goldman Sachs Grp.*, 868 F. Supp. 2d at 280 (finding "statements touting risk management [that] were . . . juxtaposed against detailed factual descriptions of the Company's woefully inadequate or non-existent credit risk procedures" were actionable) (citations omitted). Thus, there has been no intervening change of controlling law, and reconsideration is unwarranted.[3]

***Discovery Should Not Be Stayed***.  Because Defendants have not shown that reconsideration is warranted, discovery should proceed. Moreover, discovery has not been burdensome and is almost complete. Plaintiffs have deposed 11 Goldman witnesses to date, and four more are currently scheduled during the next four weeks. On April 8, 2014, Plaintiffs noticed the depositions of the three individual defendants in this Action, and offered to depose them during the evening or on weekends to minimize any disruptions. However, Defendants still have not provided dates for those witnesses.

---

[2] Defendants improperly conflate misrepresentations concerning Goldman's general business principles with those concerning conflicts of interests. *UBS* addressed statements related to general business principles, not conflicts of interests. *See UBS*, 2014 U.S. App. LEXIS 8533, at *24. Recognizing this limitation, Defendants assert that the conflict of interests misrepresentations here are "analogous" to the general business principles statements at issue in *UBS*. Defs. Ltr. at 2. However, they are not "analogous." Accordingly, even if Defendants' proposed motion was granted, it would not resolve all claims in the Action.

[3] *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 Fed. Appx. 32 (2d Cir. 2012) and *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 2014 U.S. App. LEXIS 7864 (2d Cir. Apr. 25, 2014), cited by Defendants (Defs. Ltr. at 3), also simply reaffirmed *ECA* and did not change the controlling law.

940758_1

**Robbins Geller Rudman & Dowd LLP**

Honorable Paul A. Crotty
May 13, 2014
Page 4

                                                                                  Respectfully submitted,

| LABATON SUCHAROW LLP | ROBBINS GELLER RUDMAN |
| --- | --- |
| Thomas A. Dubbs |   & DOWD LLP |
| James W. Johnson | Spencer A. Burkholz |
| Louis Gottlieb | Jonah H. Goldstein |
| Michael H. Rogers | Robert R. Henssler Jr. |
|  | Eric I. Niehaus |
|  | Brian E. Cochran |
| s/ Thomas A. Dubbs | s/ Robert R. Henssler Jr. |
| THOMAS A. DUBBS | ROBERT R. HENSSLER JR. |

cc:    All Counsel via ECF

940758_1