```
                                            ┌────────────────────────────────┐
                                            │ USDC SDNY                      │
                                            │ DOCUMENT                       │
                                            │ ELECTRONICALLY FILED           │
UNITED STATES DISTRICT COURT                │ DOC #: _____         │
SOUTHERN DISTRICT OF NEW YORK               │ DATE FILED: 10-7-14            │
                                            └────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                             :

IN re GOLDMAN SACHS GROUP, INC.     :
SECURITIES LITIGATION                 :        Master File No. 10 Civ. 3461 (PAC)
                                               :

This Document Relates To:          :

                                             :        **OPINION & ORDER**

    ALL ACTIONS                 :

                                             :
-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendants move to certify for interlocutory appeal the Court's Order of June 23, 2014, denying reconsideration of the Court's original order in *Richman v. Goldman Sachs*, 868 F. Supp. 2d 261 (S.D.N.Y. 2012). The Court assumes familiarity with its prior orders and opinions in this matter. The defendants' motion is denied.

## DISCUSSION

### I.    Applicable Law

Certification of an interlocutory appeal is a rare exception to the rule that only final judgments are appealable. *See* 28 U.S.C. § 1291. 28 U.S.C. § 1292(b) provides for interlocutory appeal only when the order involves "a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The burden of establishing these three factors falls upon the party seeking certification. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (citing *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005)).

Interlocutory appeals are "presumptively disfavored" and granted only in "exceptional circumstances." *Garber v. Office of the Comm'r of Baseball*, 2014 WL 4716068, at *1 (S.D.N.Y. Sept. 22, 2014). Certification is "not intended as a vehicle to provide early review of difficult rulings in hard cases." *In re Levine*, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004). Courts may deny certification "even where the three legislative criteria of section 1292(b) appear to be met . . . if other factors counsel against it." *Transp. Workers Union of Am. v. NYC Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005); *accord Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) (noting that even where statutory criteria have been met, factors such as "docket congestion" may counsel against certification).

## II.   Analysis

### A. Controlling Question of Law

A determination of whether Goldman's statements can support a claim for securities fraud is not a controlling question of law. Defendants are not claiming that the Court applied an incorrect standard when ruling on the motion to dismiss or made any similar error that could be determined without a detailed consideration of the facts at issue. Instead, Defendants seek the Second Circuit's opinion on whether, under Second Circuit precedent which has already been applied to the facts here, Goldman's statements are actionable. Such an examination necessarily requires a review of the Court's application of existing law to the unique facts at issue here. *See, e.g., Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 122 (2d Cir. 2012) ("[M]ateriality under the federal securities[] laws . . . do[es] not turn on restrictive mechanical or quantitative inquiries."); *ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009) ("In order to determine whether a misleading statement is material, courts must engage in a fact-specific inquiry."). This type of review is not appropriate

on interlocutory appeal. *See Stone v. Patchett*, 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009)

("[T]he questions presented for interlocutory appeal by plaintiffs would require the Second

Circuit to review this Court's application of the law to the facts presented by the parties.  Under

these circumstances, such questions do not present issues of pure law, and therefore are not

appropriate for interlocutory review.").

The cases cited by Defendants provide an explanation of what constitutes a controlling

question of law sufficient to merit certification.  *See* Defendants' Memorandum of Law in

Support of Their Motion to Certify an Interlocutory Appeal of the Court's Order Denying

Defendants' Motion for Reconsideration ("Def. Mem."), at 3-4.  For example, the issue certified

for appeal in *In re Dynex Capital, Inc. Securities Litigation* involved a "pure" legal question,[1] *i.e.*

"the permissibility of pleading corporate or collective scienter."  2006 WL 1517580, at *2-3

(S.D.N.Y. June 2, 2006).  Likewise, the issue in *Atlantica Holdings, Inc. v. Sovereign Wealth*

*Fund Samruk-Kazyna JSC* concerned a "somewhat unsettled and evolving" body of law.  2014

WL 1881075, at *1-2 (S.D.N.Y. May 9, 2014).  Here, the applicable law is "well-established."

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 183 (2d Cir. 2014).

Accordingly, the Court's application of settled law to the facts presented here does not raise a

controlling question of law.  *See In re Facebook*, 986 F. Supp. 2d at 533-34 ("Securities actions

in the motion to dismiss stage often cannot be resolved by pure questions of law, and resolution

---

[1] While Defendants argue that the statute does not require that an issue for certification be a "pure" question of law
but simply a "controlling" question of law, Defendants' Reply Memorandum in Further Support of Their Motion to
Certify an Interlocutory Appeal of the Court's Order Denying Defendants' Motion for Reconsideration ("Def.
Reply"), at 2, this semantic distinction is irrelevant. *See In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F.
Supp. 2d 524, 536 (S.D.N.Y. 2014) (noting that "[a] Section 1292(b) appeal requires a pure question of law that the
reviewing court could decide quickly and cleanly without having to study the record" when analyzing the
appropriateness of certification under the first element of section 1292(b)) (internal citations and quotation marks
omitted); *Alphonse Hotel Corp. v. Tran*, 2014 WL 516642, at *3 (S.D.N.Y. Feb. 10, 2014) (rejecting defendant's
argument that the Court's balancing of factors in Local Action doctrine was a "pure question of law" and refusing to
certify question).

of pure questions of law by the appellate court does not obviate subsequent applications of fact to the determined law.").

## B.  Materially Advancing the Ultimate Termination of the Litigation

Certification will not materially advance the ultimate termination of the litigation to such an extent that certification should be granted.[2]  While Defendants repeatedly trumpet the cost savings, efficiency, and preservation of judicial resources that certification would provide, the mere possibility that a reversal of the Court's order would end the case is insufficient to meet this third element. *Murray v. UBS Sec., LLC,* 2014 WL 1316472, at *7  (S.D.N.Y. Apr. 1, 2014) ("Plaintiff's argument prevails only if this Court's decision is reversed; if the Second Circuit affirms the Court's decision, or rather yet, declines to hear Plaintiff's appeal, the result will be that this action will have been unnecessarily delayed by the interlocutory appeal.").  This one-sided argument fails to take into account the (just as likely) possibility that certification will delay the action further. *See Garber,* 2014 WL 4716068, at *2 (noting that material advancement could not be demonstrated because the speed of the appeal was unknown and certification would inherently delay the onset of a trial).  Merely suggesting that dismissal of all claims could result from certification is hardly sufficient because "obtaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal and is not an exceptional circumstance that justif[ies] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Facebook,* 986 F. Supp. 2d at 531.

---

[2] The Court cannot understand Defendants' purported confusion regarding the Court's Order. *See* Def. Reply at 4-5. The Court provided detailed explanations of its holding in both the Order on the Motion to Dismiss and the Order Denying Reconsideration.  Indeed, the Court explicitly stated that "Goldman must not be allowed to pass off its repeated assertions that it complies with the letter and spirit of the law, values its reputation, and is able to address 'potential' conflicts of interest as mere puffery or statements of opinion." 868 F. Supp. 2d at 280-81.  It is unclear to the Court why Goldman still questions whether this holding applied to its statements regarding "compliance with law, reputation and integrity."  Def. Reply at 5.

4

## C.  Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists where "(1) there is conflicting

authority on the issue, or (2) the issue is particularly difficult and of first impression for the

Second Circuit." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y.

2013).  A mere disagreement or the possibility of a different outcome on appeal is not sufficient

to show a substantial ground for difference of opinion. *See Alphonse Hotel Corp. v. Tran*, 2014

WL 516642, at *4 (S.D.N.Y. Feb. 10, 2014) (how the court balanced relevant factors did not

present a substantial ground for difference of opinion).  Defendants' citation to the UBS

Complaint, and pointing out the factual similarities to the Complaint here (Def. Mem. at 5-9),

does not demonstrate the existence of conflicting authority.

Of course, there is always the possibility for a difference of opinion.  The Court is

doubtful that Defendants have demonstrated a *substantial* ground for difference of opinion.  *See*

*Murray*, 2014 WL 1316472, at *6.  Even if the Court were to find that Defendants had

sufficiently established a substantial ground for difference of opinion, however, such a showing

would be of no moment, as Defendants have failed to meet the other criteria under section

1292(b).

## CONCLUSION

None of Defendants' arguments demonstrate that exceptional circumstances exist here

sufficient to merit certification.  "The overwhelming weight of authority in this Circuit teaches

that 1292(b) certification is appropriate only in exceptional cases." *Lloyd v. J.P. Morgan Chase*

*& Co.*, 2014 WL 2109903, at *2 (S.D.N.Y. Apr. 1, 2014).  While the natural progression of this

case will involve the expenditure of substantial resources, that does not provide sufficient ground

to merit certification.  Def. Mem. at 9-10.  Such a "too big to fail" approach to large litigations

would require frequent certification and render toothless the policy limiting section 1292(b)

certification to exceptional circumstances.  Here, where Defendants "do not claim that waiting

for a final order would cause them any prejudice beyond delay and added litigation expense," *In*

*re Lehman Bros. Holdings Inc.*, 2014 WL 3408574, at *3 (S.D.N.Y. June 30, 2014), nor is there

any other indication of exceptional circumstances, Defendants have failed to show that

certification should be granted.  Accordingly, Defendants' motion to certify the Court's Order

Denying Reconsideration for interlocutory appeal is denied.


Dated: New York, New York                    SO ORDERED
      October 6, 2014

                                                          PAUL A. CROTTY
                                                          United States District Judge