# Labaton Sucharow

Thomas A. Dubbs
Partner
212 907 0871 direct
212 883 7071 fax
tdubbs@labaton.com

June 2, 2015

**VIA ECF and Hand Delivery**

Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *In re Goldman Sachs Group, Inc. Sec. Litig.*
      Master File No. 1:10-cv-03461-PAC

Dear Judge Crotty:

Plaintiffs submit this letter in response to Defendants' letter, dated May 28, 2015, in which they request oral argument and a two-day evidentiary hearing on Plaintiffs' motion for class certification. At the outset, Plaintiffs wish to clarify their positions. During a May 28, 2015 meet-and-confer call, Plaintiffs stated that they deferred to the Court's Individual Rules of Practice ("The Court will contact the parties after the motion has been fully briefed regarding an oral argument date"), and opposed Defendants' request for an evidentiary hearing.

That is, the issues raised by the parties' briefing, limited to a single element of Rule 23, are straightforward, and, therefore, neither oral argument nor an evidentiary hearing is necessary. Likewise, because the complete evidentiary record has been submitted, a multi-day evidentiary hearing relating to a single issue (price impact) is unnecessary. It is well-established that "a district judge has ample discretion to circumscribe . . . the extent of a hearing to determine whether [Rule 23] requirements are met in order to assure that a class certification motion does not become a pretext for a partial trial of the merits." *Salim Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir. 2011)(citation and quotation marks omitted). Moreover, where "the submissions of the parties are sufficient . . . neither an evidentiary hearing nor oral argument is warranted on [a] Motion for Class Certification." *In re Natural Gas Commodities Litig.*, 231 F.R.D. 171, 185 (S.D.N.Y. 2005) (Marrero, J.).[1] As Defendants note, the parties have submitted hundreds of pages of expert

---

[1] *See also City of Livonia Emps.' Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 185 (S.D.N.Y. 2012) (Sullivan, J.) (granting certification in securities fraud class action and "declin[ing] Defendants' invitation to pursue an evidentiary hearing regarding predominance"); *Edwards v. Publrs. Circulation Fulfillment, Inc.*, 268 F.R.D. 181, 185 n.11 (S.D.N.Y. 2010) (Kaplan, J.) ("Rule 23 does not require an evidentiary

# Labaton Sucharow

Honorable Paul A. Crotty
June 2, 2015
Page 2

reports, exhibits and deposition transcripts by all three of the experts Defendants wish to have re-testify. *See* Dkt. No. 156 at 1-2. Plaintiffs respectfully submit that the evidentiary record before the Court is more than sufficient to resolve the price impact issue.

As detailed in the class certification briefing, the Supreme Court recently reaffirmed that "market efficiency and the other prerequisites for invoking the [fraud-on-the-market] presumption constitute an indirect way of showing price impact." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2405 (2014). "[I]t is appropriate to allow plaintiffs to rely on this indirect proxy for price impact, rather than requiring them to prove price impact directly." *Id.* Plaintiffs did exactly that in their motion for class certification and accompanying analysis of their expert, Dr. John Finnerty. *See* Dkt. No. 137. As such, Defendants' claim that Plaintiffs "need to establish" direct price impact simply misstates the law as, under *Halliburton*, demonstrating a lack of any price impact is Defendants' burden. *See* Dkt. No. 156 at 2 n.3; *Halliburton*, 134 S. Ct. 2398, 2416-17. Defendants also incorrectly state that they had "no opportunity to respond" to Dr. Finnerty's price impact testimony. Dr. Finnerty provided market efficiency-related price impact testimony in his declaration, which Plaintiffs submitted with their motion for class certification. Nothing more was required under *Halliburton*. Defendants then attempted (albeit in vain) to demonstrate a lack of any price impact in their opposition papers, to which Plaintiffs responded on reply.

Notably, despite submitting overlapping testimony by three experts, Defendants failed to demonstrate the lack of any price impact. Indeed, Defendants' own expert, Dr. Paul Gompers, found evidence of statistically significant, firm-specific stock price declines attributable to revelations of the misconduct at issue on three of the four disclosure dates. *See* Dkt. No. 155-1. And, while Defendants claim that their other expert, Dr. Stephen Choi, will testify that these stock price declines were consistent with the announcement of an SEC enforcement action (rather than the underlying allegations), Dr. Choi repeatedly testified at deposition that he never conducted this analysis. *See* Dkt. No. 155-2. Finally, Defendants are apparently no longer relying on their third price impact expert, Charles Porten, after he testified at deposition that Goldman's failure to appropriately manage conflicts of interest (which, as Plaintiffs allege, rendered its Class Period statements false and misleading) would be important information for investors to know. *See* Dkt. No. 155-8.

In addition to using an evidentiary hearing to reargue their failure to show a lack of any price impact, Defendants also note in footnote 3 of their letter that they hope to use the hearing to yet again argue that the alleged false statements and omissions are not material. But, the Court has now rejected this argument three times. *See* Order Denying in part Motion to Dismiss (Dkt. No. 85); Order Denying

---

hearing on the issues of class certification") (citing *Marcera v. Chinlund*, 565 F.2d 253, 255 (2d Cir. 1977); *Barone v. Safway Steel Prods., Inc.*, 2005 U.S. Dist. LEXIS 17645, at *5 (E.D.N.Y. Aug. 23, 2005) ("Rule 23 does not mandate an evidentiary hearing in every case") (quotation marks omitted).

# Labaton Sucharow

Honorable Paul A. Crotty
June 2, 2015
Page 3

Motion for Reconsideration (Dkt. No. 122); Order Denying Request for Interlocutory Appeal (Dkt. No. 133). Moreover, the Supreme Court has made clear that materiality "should be left to the merits stage, because it does not bear on the predominance requirement of Rule 23(b)(3)." *Halliburton*, 134 S. Ct. at 2416. In short, Plaintiffs' reply (and Dr. Finnerty's supplemental report) do not contain new arguments or opinions and Defendants have offered no valid ground to reargue their position on price impact. Accordingly, for the foregoing reasons, Plaintiffs respectfully submit that the Court should deny Defendants' request.[2]

Respectfully submitted,

Thomas A. Dubbs
TAD
cc:     Counsel of Record

---

[2] As to Defendants' alternate request for a sur-reply, because Plaintiffs' reply and Dr. Finnerty's supplemental declaration contain no new arguments or opinions, Defendants similarly have no valid ground to reargue their position on price impact via a sur-reply. Nevertheless, should the Court allow a sur-reply, Plaintiffs respectfully request that it should be limited to five pages, and that any accompanying expert statements be limited to one declaration of no more than five pages. Should the Court adopt this procedure, Plaintiffs may request a short response following their review of the sur-reply and any new expert declaration.