## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-16

January 28, 2016

*By ECF and Hand Delivery*

The Honorable Paul A. Crotty,
   U.S. District Court for the Southern District of New York,
      500 Pearl Street,
         New York, New York 10007.

> The case is STAYED. The Clerk of Court is directed to terminate the pending motion for summary judgment, without prejudice to its renewal (doc # 167). The parties are directed to notify the Court if or when the motion should be reinstated and the stay lifted.
> SO ORDERED: 2-1-16
>
> /s/ Paul A. Crotty
> HON. PAUL A. CROTTY
> UNITED STATES DISTRICT JUDGE

   Re:   *In re Goldman Sachs Group, Inc. Sec. Litig.,*
         Master File No. 1:10-cv-03461-PAC

Dear Judge Crotty:

   On behalf of Defendants in the above-referenced action (the "Action"), we write to inform the Court that on January 26, 2016, the Second Circuit granted Defendants' petition under FED. R. CIV. P. 23(f) for permission to appeal from the Court's September 24, 2015 order certifying a class in this Action (the "Certification Order"). A copy of the Second Circuit's order is enclosed.

   After conferring with Plaintiffs' counsel, we respectfully request that the Court stay further proceedings in the Action pending the Second Circuit's adjudication of Defendants' appeal (other than that Defendants will complete briefing on their summary judgment motion on February 5, 2016). Plaintiffs consent to this proposed stay, including deferring a ruling on the summary judgment motion while the appeal is pending. Following the Second Circuit's ruling, the parties will meet and confer and promptly inform the Court as to whether there are any matters they believe are impacted by the appellate ruling. Defendants reserve the right to seek additional briefing at that time.

The Honorable Paul A. Crotty -2-

Defendants note that other district courts have issued stays following grants of interlocutory review of class certification orders.[1] The decision on appeal not only may determine whether a class should be certified, it also may address issues of law and expert evidence relevant to the merits of this case, including the summary judgment motion. For example, Defendants will present various issues on appeal, including whether the fraud-on-the-market presumption of reliance applies here and the viability of Plaintiffs' theories of the "price impact" of the challenged statements. Defendants believe these issues overlap with legal and evidentiary merits issues, including materiality, reliance and loss causation. A stay thus may avoid significant and potentially unnecessary waste of Court and party resources, and would not delay discovery, which is complete. Adjudication of the summary judgment motion prior to final resolution of certification issues potentially may also raise substantial questions as to the scope of the ruling's *res judicata* effect on the members of the class certified by this Court.

The parties would be pleased to provide any further information that may be of assistance to the Court, and to address these matters further at a conference should the Court request.

Respectfully submitted,

Richard H. Klapper

(Enclosure)

cc: Counsel of Record

---

[1] *See, e.g., N.J. Carpenters Health Fund v. RALI Series 2006-QO1 Trust*, No. 08-cv-8781 (HB), Dkt. No. 137 (S.D.N.Y. May 31, 2011); *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. 11-429, Dkt. No. 235 (D. Minn. Oct. 22, 2014); *Nieberding v. Barrette Outdoor Living, Inc.*, 2014 WL 5817323, at *1, 5 (D. Kan. Nov. 10, 2014).