UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                         :

                                                         :     Master File No. 10 Civ. 3461 (PAC)

IN RE GOLDMAN SACHS GROUP, INC.     :
SECURITIES LITIGATION                     :     **MEMORANDUM & ORDER**

------------------------------------------------------------X

On August 26, 2021 the Court of Appeals vacated this Court's 2018 class certification order and remanded for further proceedings. The parties have submitted, and the Court has reviewed, a Joint Status Report to determine how to proceed.

The parties are at odds. Plaintiffs submit that "the record is complete, and no supplementation of the record, further briefing, or oral argument is necessary." Joint Status Rep. 3, ECF No. 247. At most, they suggest that the parties resubmit their supplemental briefs filed with the Court of Appeals on August 10, 2021. *Id.* at 4. Defendants, by contrast, propose "simultaneous opening briefs of 25 pages and responsive briefs of 15 pages" as well as "short supplemental expert reports (not to exceed ten pages each) and reply reports (not to exceed five pages each)." *Id.* at 7. They argue that this more extensive briefing is necessary to account for the Supreme Court's clarified standards regarding the "generic" nature of the alleged misstatements and the potential "mismatch" between such statements and more specific corrective disclosures. *Id.* at 9–10.

Upon due consideration of the parties' positions, the Court charts a separate path to address the issues raised by the remand order. The Court agrees with Plaintiffs that the *factual* record is

1

complete and sufficient for purposes of class certification, but it agrees with Defendants that the current briefing is insufficient to capture the new *legal* guidance set forth by the Supreme Court and the Court of Appeals. Accordingly, while the Court orders no supplemental expert or other factual submissions, the parties are directed to submit supplemental memoranda in the following manner:

- Simultaneous Opening Briefs:    by October 5, 2021
- Simultaneous Reply Briefs:       by October 12, 2021

The parties are ordered to simultaneously file their opening briefs and reply briefs by the respective deadlines. The opening briefs shall be limited to twelve pages (double-spaced, twelve-point font); the reply briefs shall be limited to six pages (double-spaced, twelve-point font).

The briefs should address all evidence already in the record that relates to the price impact of the corrective disclosures in this case, including both the "generic" nature of Goldman's alleged misrepresentations and any "mismatch" between those statements and the subsequent alleged corrective disclosures. As the parties have already submitted to the Court evidence and arguments pertaining to the other issues relevant to class certification, the briefs should discuss only those matters affected by the new guidance set forth in this case by the Supreme Court and the Court of Appeals. The briefs, of course, should not simply be carbon copies of the supplemental briefing ordered by the Court of Appeals, as these filings included material relevant to appeal but inapplicable upon remand.

In the briefs, all in-text citations to the record should be to the appropriate ECF entry on **this Court's docket., 10-cv-03461.** Furthermore, all briefs must include a Table of Contents containing, *inter alia*, all citations to the record included therein, and indicating the ECF entry where each citation to the record may be found on **this Court's docket, 10-cv-03461**. Finally, due

to the sprawling and voluminous briefing in this case, the parties may find it helpful to also include in their Table of Contents a cross-referenced citation to the appellate record, but the Court leaves this last matter to the parties' discretion.

Dated: New York, New York
September 20, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge